This petition for writ of certiorari was issued to the Court of Criminal Appeals on the basis that a material question requiring decision is one of first impression. The issue presented is twofold. First, "May the state offer, on its case in chief, the testimony of a psychiatrist consulted by the defense in preparation for trial, or is it `privileged'? If `privileged,' what is the nature of the `privilege'?" Second, "Was there `waiver' of the privilege in this case?"
We hold, in answer to these questions, that the testimony of the psychiatrist was "privileged," the nature of which is hereinafter discussed in detail, and that there was no "waiver" of that privilege. We must therefore reverse and remand this cause to the Court of Criminal Appeals.
In this case, petitioner was convicted of assault with intent to murder and given a fifteen-year sentence. The offense grew out of a party which petitioner and his wife hosted for some of their friends at their trailer home. During the course of the party, petitioner consumed several beers brought to him by the victim. Outside the trailer, an argument began between petitioner and his wife; the victim intervened, over the protestations of petitioner, who told the victim that it was none of his business. As the victim entered the trailer, petitioner raised a shotgun and fired, striking the victim in the arm. The arm was later amputated. Several pellets from a second shot struck petitioner's wife in the neck, shoulder, and leg. When the victim's wife attempted to take her husband and petitioner's wife to the hospital, petitioner shot out one of the tires on the car.
It appears that at his arraignment, petitioner entered pleas of not guilty and not guilty by reason of insanity to the charge against him. Before trial, at the petitioner's or his attorney's request, the petitioner was examined by Dr. James E. Morris, a practicing psychiatrist, serving as a "psychiatric consultant" to the "University Psychological Clinic" where he was asked to examine petitioner for a psychiatric evaluation as *Page 1161 
part of his role at the Psychological Clinic. At trial, he was called as a prosecution witness. He testified that he was asked to examine petitioner by the Psychological Clinic. The petitioner objected to Dr. Morris' testifying and revealing the results of his evaluation, claiming that it "should be privileged information such as that between a doctor [and his patient] or a lawyer and his client." The trial judge overruled the objection. It is without dispute that Dr. Morris was "hired" as the petitioner's psychiatrist. The psychiatrist testified against petitioner that he was mentally competent at the time of the offense and that his evaluation did not indicate the presence of any defect of the mind or mental illness on the date of the offense. It was also his testimony that petitioner knew the difference between right and wrong on the date that he examined him.
The record also shows that, as a part of his defense of insanity, petitioner offered the testimony of Dr. William Jansen, a clinical psychologist at the "University of Alabama Psychological Clinic." His testimony was that petitioner was unable to control himself and did not know the difference between right and wrong on the date of the offense. We have examined the record and find that Dr. Jansen's duties included teaching "as well as engaging in psychotherapy," at the same clinic where Dr. Morris was also employed part time.
The Court of Criminal Appeals, in upholding the trial judge's ruling in this instance and in affirming the conviction, noted that there is no statutory privilege covering communications between a physician and patient in Alabama. It also noted that the nearest this state comes to having such a privilege is in the case of Horne v. Patton, 291 Ala. 701, 287 So.2d 824
(1973), where this Court recognized "at least a qualified duty on the part of a doctor not to reveal confidences obtained through the doctor-patient relationship" so that a breach of that duty will give rise to a cause of action against the doctor, subject to exceptions "prompted by the supervening interests of society, as well as the private interests of the patient himself." 291 Ala. at 706, 709, 287 So.2d at 830.
The Court of Criminal Appeals, in upholding the trial court's ruling, noted that under the express provisions of Code 1975, §34-26-2, "the confidential relations and communications between licensed psychologist and client are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed." The court then interpreted the legislative intent to be that only psychologists were included in the privilege and not psychiatrists, giving the words their ordinary and normal meaning. Even if the privilege included psychiatrists, that court held that when the petitioner raised the defense of insanity and offered the testimony of a clinical psychologist to support his plea, that action constituted a waiver of the privilege. The court reasoned that to hold otherwise would allow defendant to call only those psychologists and psychiatrists he desired and then claim privilege in objection to the testimony of any others called by the state and who had examined him for the same purpose. We cannot agree with this analysis.
First, we note that § 34-26-1 in defining practice as a "psychologist" states specifically that the psychologist "who engages in psychotherapy must establish and maintain effective intercommunication with a psychologically oriented physician, usually a psychiatrist, to make provision for the diagnosis and treatment of medical problems by a physician with an unlimited license to practice the healing arts in this state." We think this means, and the clear intent of the legislature must have been, to require that any psychologist "who engages in psychotherapy" must maintain an effective intercommunication with a psychiatrist. It is clear from the record here that both Dr. Jansen, the clinical psychologist, and Dr. Morris, the psychiatrist, worked part time for the same clinic, namely the "University Psychological Clinic," and further that Dr. Morris was asked to examine petitioner *Page 1162 
for psychiatric evaluation "as a part of my role at the Psychological Clinic" and that the Psychological Clinic had asked him to examine petitioner. Thus, it seems clear, and it further appears to be the intent of the legislature, that a psychiatrist with whom a psychologist is required by law to maintain "effective intercommunication" must be covered by the same privilege extended to licensed psychologists. Else, if psychologists only are privileged and psychiatrists are not and psychologists are required to maintain this intercommunication with the psychiatrist (as in this case the psychiatrist was asked by the clinic to evaluate petitioner), then the psychiatrist may be called without the privilege and the privilege itself would be a nullity. Any other interpretation than the one we have reached would render the psychologist privilege valueless. For, in this case, the psychologist, Dr. Jansen, could claim the privilege but the psychiatrist, Dr. Morris, could not, although Dr. Morris is a physician, while Dr. Jansen is not. Any other view would constitute too narrow a construction of the statute.
The Court of Criminal Appeals reasoned that even though the privilege may be extended to a psychiatrist, the action of petitioner in offering the testimony of the clinical psychologist Dr. Jansen "and a psychiatrist," presumably Dr. Morris, to support his plea constituted a waiver of the privilege. We cannot agree with this reasoning. In the first place, although petitioner did offer the testimony of Dr. Jansen, the clinical psychologist, he did not offer the testimony of the psychiatrist, Dr. Morris. That testimony was offered on the state's case in chief as a convenience to the doctor who was to be out of town in view of impending surgery on his wife. Thus, at the time Dr. Morris' testimony was offered by the state, only the petitioner's plea of insanity stood on this issue. Dr. Jansen's testimony was offered later when the defendant presented his case.
To advert now to the questions we posed as the issues in this case, we therefore hold that the testimony by the psychiatrist, consulted by the defense in preparation for trial, is "privileged," and that the source of the privilege is the statutory provisions of § 34-26-1 and § 34-26-2, Code of Alabama 1975.
Moreover, we cannot agree with the Court of Criminal Appeals that there was in this case a "waiver" of the privilege merely because the petitioner had pled not guilty by reason of insanity. As the Court of Criminal Appeals notes in its opinion, there are states which hold that by pleading insanity, a criminal defendant waives his statutory privilege against disclosure of a "psychotherapist-patient communication." The better reasoned cases hold, however, that there must be some presentation of evidence of insanity in addition to the plea, in order for the question of "waiver" to arise, particularly, in such a case as we have in the case at bar where the psychiatrist himself was engaged or hired by the petitioner. See Annotation: "Privilege, in Judicial or Quasi-Judicial Proceedings, Arising from Relationship Between Psychiatrist or Psychologist and Patient," 44 A.L.R.3d 24.
Code 1975, § 34-26-2, supra, specifically states that the "confidential relations and communications between licensed psychologist [with which we have equated under the facts of this case "psychiatrist"] and client are placed upon the same basis as those provided by law between attorney and client." Section 34-3-20 specifically provides among the duties of attorneys that they must "maintain inviolate the confidence and at every peril to themselves . . preserve the secrets of their clients." This, we take to be equated to the privilege of psychiatrists and psychologists. We find none of the usual "waivers" of attorney-client relations in the context of this case between patient-psychiatrist. Among those are: the client's taking the stand to testify to the transaction; the attorney's being compelled to testify to the facts of employment, to prove the handwriting of a client, to prove the execution of papers which he attested; and where the attorney-client privilege is lost where the client seeks advice that will serve him in the commission *Page 1163 
of a fraud, etc. See cases collected at § 34-3-20, Code of 1975, and cases at Key 219 (3), Witnesses, Vol. 19A, Ala.Dig.
It is thus that we conclude that there is no "waiver" of the privilege under the facts of this case. We do not address the question as to whether there would have been a "waiver" if, in this case, the state had offered Dr. Morris' testimony after the petitioner himself had offered testimony as to his insanity through Dr. Jansen's testimony, since that issue is not before us.
This case is due, therefore, to be reversed and remanded.
REVERSED AND REMANDED.
FAULKNER, EMBRY and BEATTY, JJ., concur.
JONES and SHORES, JJ., concur in the result.
TORBERT, C.J., and MADDOX and ALMON, JJ., dissent.