Willie Jackson seeks a writ of mandamus directing the Montgomery County Circuit Court to grant his motion to dismiss the capital murder indictment returned against him.
Jackson was arrested and charged with the murder of Alisa Desha Roberts. The grand jury of Montgomery County returned an indictment charging that Jackson,
 "while attempting to intentionally kill George Prickett by shooting the said George Prickett with a gun while the said George Prickett was in an automobile and while the said Willie Jackson was outside that automobile, did intentionally cause the death of Alisa Desha Roberts with a gun, in violation of Section 13A-5-40 of the Code of Alabama. . . ."
Section 13A-5-40(a)(17), Ala. Code 1975, makes "murder in which the victim is killed while in a motor vehicle by a deadly weapon fired from outside that motor vehicle" a capital offense. It is undisputed that the victim here was not, at any relevant time, the occupant of a motor vehicle. In its order denying Jackson's motion to dismiss the indictment, the trial court first concluded that "the gravamen of [this offense] is that a defendant murder a victim while the victim is in a motor vehicle." The court went on to hold, however, that the State would be required to prove only "that the Defendant killed someone with intent to cause the death of a person in a vehicle."
Jackson first petitioned the Court of Criminal Appeals for a writ of mandamus. That court denied the petition, and Jackson now seeks de novo review in this Court. Rule 21(e), A.R.App.P.
"Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to apply to cases not covered by the words used. . . ." United States v. Resnick,299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127 (1936). Seealso, Ex parte Evers, 434 So.2d 813, 816 (Ala. 1983); Fuller v.State, 257 Ala. 502, 60 So.2d 202, 205 (1952). Moreover, "criminal statutes should not be 'extended by construction.' "Ex parte Evers, 434 So.2d at 817 (quoting Locklear v. State,50 Ala. App. 679, 282 So.2d 116 (1973)). Section 13A-1-6 provides in part: "All provisions of [the Criminal Code] shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law. . . ."
Because the meaning of statutory language depends on context, a statute is to be read as a whole. King v. St. Vincent'sHospital, 502 U.S. ___, ___, 112 S.Ct. 570, 574,116 L.Ed.2d 578 (1991). Subsections of a statute are in pari materia and "should be construed together to ascertain the meaning and intent of each." McCausland v. Tide-Mayflower Moving Storage,499 So.2d 1378, 1382 (Ala. 1986).
Jackson asserts that because Roberts was not in a vehicle when she was killed, Jackson cannot be prosecuted under §13A-5-40(a)(17). The State argues, however, that because he intended to kill Prickett, who was in a vehicle, Jackson can be prosecuted for the capital offense of "murder in which the victim is killed while in a motor vehicle by a deadly weapon fired from outside that motor vehicle." § 13A-5-40(a)(17).
The State argues that § 13A-5-40(a)(17) should be construedin pari materia with the remainder of the capital murder statute and that when it is so construed Jackson can be convicted of capital murder if the State proves that Jackson killed Roberts with the intent to kill Prickett.
Section 13A-5-40(b) provides:
 "Except as specifically provided to the contrary in the last part of subdivision (a)(13) of this section, the terms 'murder' and 'murder by the defendant' as used in this section to define capital offenses mean murder as defined in Section 13A-6-2(a)(1), but not as defined in Section 13A-6-2(a)(2) and (3). . . ."
Section 13A-6-2(a)(1) provides that a person commits murder if "[w]ith intent to *Page 407 
cause the death of another person, he causes the death of that person or of another person."
The State argues that, pursuant to § 13A-5-40(b), a person commits capital murder if, with the intent to cause the death of another person, he causes the death of that person or someone else and he does so pursuant to one of the aggravating factors set out in § 13A-5-40(a). By its language, §13A-6-2(a)(1) clearly invokes the doctrine of transferred intent in defining the crime of murder. For example, if Defendant fires a gun with the intent to kill Smith but instead kills Jones, then Defendant is guilty of the intentional murder of Jones. The same analysis, however, does not apply to the factual circumstances that elevate the crime of murder (§13A-6-2(a)(1)) to capital murder (§ 13A-5-40).
Under the facts alleged in the indictment, Jackson's intent to kill Prickett can certainly be "transferred" to the conduct that actually resulted in the death of Roberts. However, Prickett's location (in a motor vehicle) cannot be "transferred" to Roberts so as to elevate the crime to capital murder.
First, the clear statutory language of § 13A-5-40(a)(17), considered together with § 13A-5-40(b) and § 13A-6-2(a)(1), does not yield that result. Section 13A-5-40(b) refers to §13A-6-2(a)(1) for the definition of "murder"; and §13A-6-2(a)(1) codifies the doctrine of transferred intent in that definition. However, § 13A-5-40(a)(17) makes a "murder" capital only when "the victim is killed while in a motor vehicle." That is, that section defines a factual circumstance rather than merely a state of mind; and that factual circumstance is not present in this case. Prickett was not "killed" and Roberts was not "in a motor vehicle."
Second, we presume that the Legislature knows the meaning of the words it uses in enacting legislation. Moreover, we are convinced that the Legislature, if it intended §13A-5-40(a)(17) to apply in this case, knew how to draft a statute to reach that end. In the 1975 death penalty statute, the Legislature made capital a "[m]urder when perpetrated against any witness subpoenaed to testify at any preliminary hearing, trial or grand jury proceeding against the defendant who kills or procures the killing of witness, or whenperpetrated against any human being while intending to killsuch witness." Ala. Code 1975, § 13-11-2(a)(14) (emphasis added). The analogue to that section in the 1981 death penalty statute does not retain that transferred intent provision, and therefore the section would apply only to the murder of the witness intended to be killed. § 13A-5-40(a)(14), Ala. Code 1975. See Joseph A. Colquitt, The Death Penalty Laws ofAlabama, 33 Ala.L.Rev. 213, 247 (1982). We conclude, therefore, that had the Legislature intended § 13A-5-40(a)(17) to apply to the facts of Jackson's case, it would have included a transferred intent provision similar to that included in the 1975 act. The judiciary will not add that which the Legislature chose to omit.
Finally, we note that both Jackson and the State rely on our holding in Ex parte Murry, 455 So.2d 72 (Ala. 1984). In its order denying Jackson's motion to dismiss the indictment, the trial court concluded "that Murry supports, rather than condemns the indictment against [Jackson] for capital murder." The trial court's reliance on Murry is misplaced. The defendant in that case was charged with the capital murder of a police officer. We held in Murry that the trial court erred in failing to instruct the jury that "the murder could be raised to a capital offense only if Murry knew that the victim was a police officer on duty." 455 So.2d at 78. The doctrine of "transferred intent" was not at issue in that case. This Court defined the issue in that case as "whether [former § 13A-5-40(a)(5)] requires that the accused know that the victim was a peace officer in order for the murder to be a capital offense."[1]Murry, 455 So.2d at 73. *Page 408 
We conclude that the holding in Murry supports the decision we reach today. In order for one to have "knowledge" of a given circumstance, that circumstance must exist in reality. That is, in order for the defendant in Murry to have "known" that his victim was a peace officer, that victim must have been a peace officer in reality. Similarly, we hold that Jackson must have "known" that his alleged victim was "in a motor vehicle."[2] It follows then, that for Jackson to have "known" that Roberts was in a motor vehicle, she must actually have been in a motor vehicle. She was not.
In Act No. 87-709, Ala. Acts 1987 (the act modifying §13A-5-40(a)(5)) the Legislature made clear its intent to overrule this Court's interpretation of that section in Murry.
If the Legislature disagrees with our interpretation of §13A-5-40(a)(17), then it will enact appropriate legislation to modify the statute and yield a different result in subsequent cases. With that action, this Court would not be asked to do so. This Court will not make such a modification for it. Construing § 13A-5-40(a)(17) according to the fair import of its terms (see § 13A-1-6), we conclude that it does not apply to the undisputed facts in this case.
Having determined that § 13A-5-40(a)(17) does not apply to the facts presented in this case, we must now determine whether a writ of mandamus is the proper remedy. We first note that
 "mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Barber v. Covington County Commission, 466 So.2d 945 (Ala. 1985)"
Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989).
Mandamus may issue to compel the exercise of discretion by an inferior court; however, it may not be used to control or revise the exercise of that discretion except in a case of abuse. Ex parte Edgar, 543 So.2d at 684 (citing Ex parte Smith,533 So.2d 533 (Ala. 1988)). "Mandamus is an extraordinary remedy, but is appropriate in exceptional circumstances which amount to judicial usurpation of power." Ex parte Nice,407 So.2d 874, 877 (Ala. 1981). Mandamus is not to be used as a substitute for an appeal, but mandamus can be used to prevent a gross disruption of the administration of criminal justice. Id.
In light of the interpretation we have given §13A-5-40(a)(17), the state can prove no set of facts under which Jackson can be convicted of capital murder. Therefore, he has a legal right to have the indictment against him dismissed. It is not within the authority or discretion of the trial court not to dismiss the indictment for capital murder brought under § 13A-5-40(a)(17).
Certainly, if Jackson were convicted under the present indictment and sentenced to death, he would be entitled to an automatic appeal to the Court of Criminal Appeals, § 13A-5-55, and certiorari review as a matter of right in this Court. Rule 39(c), A.R.App.P. However, we hold that to allow the prosecution under this indictment to proceed to a jury verdict would result in a disruption of the criminal justice system. Exparte Nice. We conclude, therefore, that Jackson is entitled to the relief for which he has petitioned.
A writ of mandamus shall, therefore, issue to the Circuit Court of Montgomery County directing that court to dismiss the indictment charging Willie Jackson with capital murder under § 13A-5-40(a)(17). The State of Alabama shall be granted *Page 409 
leave to re-indict Jackson under appropriate provisions of the Alabama Criminal Code.
WRIT GRANTED.
HORNSBY, C.J., and ALMON, SHORES and ADAMS, JJ., concur.
[1] If, in Murry, the defendant had fired a handgun with the intent to kill a person that he knew to be a peace officer but instead killed a bystander, then the Court would have been faced with the same issue we are faced with in this case.
[2] While the statute at question in Murry has been modified expressly to remove the knowledge requirement, the provision at question in this case does not contain language similar to that language modifying the Murry statute.