The petitioner, Jimmie Davis, filed this petition for a writ of mandamus directing Judge Gloria Bahakel to grant his in forma pauperis
request so he can file a Rule 32, Ala.R.Crim.P., petition without prepayment of the designated filing fee. (The docket fee for filing an action in the circuit court is currently $145. See § 12-19-71(a)(3) and § 12-19-71(b), Ala. Code 1975.) In 1987, Davis was convicted of rape in the first degree and was sentenced as an habitual offender to life imprisonment without the possibility of parole. This court affirmed his conviction and sentence on direct appeal.[1] Davis v. State,549 So.2d 577 (Ala.Crim.App. 1989). On November 7, 2001, Davis filed a postconviction petition under Rule 32, Ala.R.Crim.P. Davis's petition was accompanied by a request to proceed in forma pauperis.[2] On November 9, 2001, Judge Bahakel denied Davis's request for indigency status. On March 22, 2002, Davis filed this mandamus petition.
The requirements for filing a mandamus petition are governed by Rule 21, Ala.R.App.P. Rule 21(a) states:
 "Application for a writ of mandamus or of prohibition directed to a judge or *Page 832 
 judges shall be made by filing a petition therefor with the clerk of the appellate court having jurisdiction thereof with certificate of service on the respondent judge or judges and on all parties to the action in the trial court. The petition shall contain a statement of the facts necessary to an understanding of the issues presented by the application; a statement of the issues presented and of the relief sought; a statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on; and copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition. The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time. Except in the Court of Criminal Appeals, the petition shall be accompanied with payment of the docket fee as prescribed in Rule 35A to the clerk of the appellate court. Upon the filing of said petition, the clerk shall docket the petition and submit it to the court."
(Emphasis added.)[3]
Rule 21(a), Ala.R.App.P., provides that writs of mandamus and prohibition shall be filed within the time allowed for taking an appeal. According to Rule 4, Ala.R.App.P., a defendant has 42 days to file a notice of appeal. Here, Judge Bahakel denied the motion for in formapauperis status on November 9, 2001. This mandamus petition was not filed until 133 days later — a date significantly beyond the presumptively reasonable time period designated in Rule 21(a), Ala.R.App.P.
The rule also provides that if a mandamus petition is filed outside the presumptively reasonable time, the petition "shall include a statement of circumstances constituting good cause for the appellate court to consider the petition." Rule 21(a), Ala.R.App.P. The use of the word "shall" indicates that this provision is mandatory, not permissive. See Piersonv. State, 677 So.2d 246 (Ala. 1995). Davis failed to comply with this provision. He provides no explanation as to why this petition was filed 133 days after Judge Bahakel's ruling — a date 91 days past the presumptively reasonable time for filing a petition for a writ of mandamus in this case.
There are no Alabama cases specifically addressing the effect of the failure to file a mandamus petition within the designated time period and a petitioner's failure to explain the delay.[4] However, the "Committee Comments to Amendments to Rule 21(a) and Rule 21(e)(4) Effective September 1, 2000" state the following:
 "Little precedent exists on the subject of the timeliness of these petitions, probably because the courts have published few decisions explaining the denial of a petition. A petition for a writ of mandamus based on a trial court's failure to *Page 833 
 rule on a matter does not have a benchmark date from which to begin [to] measure a reasonable time. Thus, this amendment, setting the presumptively reasonable time within which to file a petition, will not affect the determination of what is a reasonable time for filing a petition based on the failure to rule. However, where the petition for the writ of mandamus challenges an action of the trial court, the amended rule adopts as the presumptively reasonable time the 42-day period for appealing from a final judgment in a civil case, unless the time for appeal is shorter, pursuant to a rule or a statute(see, e.g., Rule 4(a)(1)), in which case the shorter time becomes the presumptively reasonable time. . . .
 "In a particular case, an appellate court may find a petition challenging a ruling of the trial court to be untimely even though it is filed within the time for taking an appeal, as, for example, when the petition is filed shortly before trial, yet several days or even weeks after the adverse ruling. Consequently, the better practice is to include in the petition a description of the circumstances constituting good cause for any delay, although the amended rule mandates such a showing only when the petition is filed beyond the time for taking an appeal from the ruling.
 "To determine whether the circumstances warrant the appellate court's accepting a petition filed beyond the presumptively reasonable time established in this rule, the court should weigh factors such as the prejudice to the petitioner of the court's not accepting the petition and the prejudice to the opposing party of the court's accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged."
We have weighed the suggested factors discussed in the Committee Comments. Davis has not identified what issues he raised in his postconviction petition — a petition filed approximately 15 years after his conviction and appeal. Our records reflect that Davis has previously filed more than one postconviction petition. See Davis v.State, 727 So.2d 186 (Ala.Crim.App. 1997) (table) (appealed the denial of a motion for a directed verdict that court treated as postconviction petition); and Davis v. State, 683 So.2d 1074 (Ala.Crim.App. 1996) (table) (appealed denial of postconviction petition). Based on Davis's prior history of filing postconviction petitions, this latest petition, in all likelihood, is successive. See Rule 32.2(b), Ala.R.Crim.P. Moreover, according to Rule 32.2(c), Ala.R.Crim.P., a postconviction petition is time-barred if it is not filed within two years of this Court's issuance of a certificate of judgment or, if the case was not appealed, within two years after the time for filing an appeal has elapsed.[5] Nothing in the mandamus petition suggests that any issue Davis raised in his latest postconviction petition is not barred by the period of limitations or precluded as a successive petition. Thus, there is absolutely no evidence that Davis will be prejudiced by our failure to consider this untimely petition.
Because Davis has failed to comply with the provisions of Rule 21(a), this petition is due to be dismissed.
PETITION DISMISSED. *Page 834 
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] This information is not contained in Davis's mandamus petition; however, we can take judicial notice of our previous records concerning Davis's conviction and appeal. See Hatfield v. State, 784 So.2d 377
(Ala.Crim.App. 2000).
[2] Rule 32.6(a), Ala.R.Crim.P., states that the petition "shall also be accompanied by the filing fee prescribed by law or rule in civil cases in circuit court unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis, in which event the fee shall be waived."
Rule 32.6(a), was amended effective August 1, 2002. The amended Rule 32.6(a) provides that if the trial court deems that the issues in the petition are precluded for any of the reasons stated in Rule 32.2, that court may assess the filing fee and order the correctional institution to withhold 50% of all moneys deposited in the inmate's account until the filing fee is satisfied.
[3] Rule 21(a), was amended effective September 1, 2000, to provide that writ of mandamus and prohibition must be filed within a presumptively reasonable time. Prior to this amendment no provision in Rule 21 stated a specific time within which a petition for a writ of mandamus or prohibition was to be filed.
[4] See Ex parte Thomas, 828 So.2d 952 (Ala. 2001) (one of the reasons relief was due to be granted was that the mandamus petition filed in the lower court was not timely filed).
[5] Rule 32.2(c) has been amended. Effective August 1, 2002, the limitations period is shortened to one year.