PER CURIAM.
The district attorney for the Thirteenth Judicial Circuit, John M. Tyson, Jr., appeals the circuit court’s order setting bail for Shanta Phillips, Vanda Gilmore, and Lamont Graves (hereinafter referred to as “the appellees”) — individuals who have been charged with capital murder. The appellees were charged with killing six-year-old Kearis Bonham, who was in a dwelling, as the result of a misfired shot aimed at police officers. The appellees were initially held without bond. The ap-pellees filed petitions for a writ of habeas corpus in the circuit court alleging that the complaints against them failed to charge a capital offense; therefore, they argued, they were constitutionally entitled to have bail set in a reasonable amount. The trial court agreed and set bail at $100,000 for each defendant. The State appealed, requesting that we stay enforcement of the trial court’s order setting bail.[1] We granted the motion for a stay pursuant to § 12-22—90(b), Ala. Code 1975.
The complaints against the appellees charged that the defendants
“did on or about December 12, 2001, while outside of a dwelling, intentionally shoot at Prichard Police Officers — Lieutenant Cedric Nettles, Officer Lance La-porte, Officer Preston Lewis, and Officer Loma McCarroll and one of the bullets struck Kearis Bonham, a child who was six years old, while he was inside of a dwelling, causing his death.”
The alleged facts surrounding the charges were stated in a letter from an assistant district attorney to the circuit judge. The letter stated:
*28 “The testimony at the preliminary hearing was that the defendant’s agreed upon a plan to lure Prichard police officers to the Queen’s Court Apartment Complex for the purpose of killing them. They fired shots in the air so that the police would respond. They also sent one of the defendants, Tamika Cabbie, to use the telephone to call the police and request that they respond. Two police cars arrived with two officers in each car. The defendants opened fire on the officers while they were in their police cars. The cars were riddled with bullets[;] two officers were wounded, but, miraculously, were not killed. However, one of the bullets struck six year old Kearis Bonham in the head and lulled him. He was standing inside an enclosed porch at the time he was killed. All defendants were bound over to the Grand Jury on capital murder charges. The State argues that the trial court erred in holding that the complaints against the appellees failed to charge capital offenses because the appellees were lawfully charged under the doctrine of transferred intent. The State cites this Court’s case of Farrior v. State, 728 So.2d 691 (Ala.Crim.App.1998), in support of its contention.”
The State proceeded under the theory that the intent to kill the police officers transferred to the intent to kill six-year-old Kearis Bonham.
The State argues that the trial court erred in holding that the complaints failed to charge capital offenses because, it argues, the appellees were lawfully charged under the doctrine of transferred intent. The State cites this Court’s case of Farri- or v. State, 728 So.2d 691 (Ala.Crim.App.1998), in support of its contention.
The appellees argue that the doctrine of transferred intent does not apply in this case because the person lulled was not a police officer. They argue that the “doctrine of transferred intent will apply within the same class of individuals, such as police officer to police officer, or child to child, [but that] it will not transfer capitally from one protected class to another protected class.” (Appellees’s brief to this Court, page 5.) They rely solely on the Alabama Supreme Court’s holding in Ex parte Jackson, 614 So.2d 405 (Ala.1993).
The Alabama Supreme Court and this Court have on more than one occasion held that the doctrine of transferred intent applies to capital offenses. See Ex parte Jackson, supra; Smith v. State, [Ms. CR-97-1258, December 22, 2000] — So.2d-(Ala.Crim.App.2000); Living v. State, 796 So.2d 1121 (Ala.Crim.App.2000); Farrior v. State, 728 So.2d 691 (Ala.Crim.App.1998).[2]
The Alabama Supreme Court in Jackson first addressed the doctrine of transferred intent and its relationship to capital offenses. The Court granted mandamus relief and ordered the trial court to dismiss the capital-murder charges against Jackson because the person killed was not in a motor vehicle — as alleged in the indictment. The indictment charging Jackson with violating § 13A-5-40(a)(17), Ala.Code 1975, specifically alleged that Jackson attempted to kill George Prickett by shooting Prickett while Prickett was in an automobile and that, thereby, Jackson caused the death of Alisha Desha Roberts, who was not in a motor vehicle. The Court explained:
*29 “Under the facts alleged in the indictment, Jackson’s intent to Mil Prickett can certainly be ‘transferred’ to the conduct that actually resulted in the death of Roberts. However, Prickett’s location (in a motor vehicle) cannot be ‘transferred’ to Roberts so as to elevate the crime to capital murder.
“First, the clear statutory language of § 13A-5-40(a)(17), considered together with § 13A-5-40(b) and § 13A-6-2(a)(1), does not yield that result. Section 13A-5-40(b) refers to § 13A-6-2(a)(1) for the definition of ‘murder’; and § 13A-6-2(a)(1) codifies the doctrine of transferred intent in that definition. However, § 13A-5-40(a)(17) makes a ‘murder’ capital only when ‘the victim is killed while in a motor vehicle.’ That is, that section defines a factual circumstance rather than merely a state of mind; and that factual circumstance is not present in this case. Prickett was not ‘killed’ and Roberts was not ‘in a motor vehicle.’ ”
614 So.2d at 407. The capital-murder indictment in Jackson was dismissed not because the doctrine of transferred intent was inapplicable to Jackson’s conduct that resulted in the victim’s death, but because the victim, when she was shot and killed, was not inside a motor vehicle, as provided under the statute defining the offense for which Jackson had been indicted. The Supreme Court noted in Jackson that § 13A-5-40(a)(17) “defines a factual circumstance” that was not present in the case. The Alabama Supreme Court did not reject the doctrine of transferred intent, but rather the doctrine of transferred location.
We have not construed Jackson as narrowly as the interpretation urged by the appellees. We have not held that the doctrine of transferred intent applies only to those situations involving the same definition of capital murder, i.e., where a defendant intended to shoot one occupant of a vehicle but instead shot and killed another occupant of the vehicle. As we stated in Smith:
“Section 13A-5-40(b) specifies that murder, as a component of the capital offense, means ‘murder’ as defined in § 13A-6-2(a)(1): ‘A person commits the crime of murder if ... [w]ith intent to cause the death of another person, he causes the death of that person or another person .... ’ (Emphasis added.)
“ ‘By its language, § 13A-6-2(a)(1) clearly invokes the doctrine of transferred intent in defining the crime of murder. For example, if Defendant fires a gun with the intent to kill Smith but instead kills Jones, then Defendant is guilty of the intentional murder of Jones.
“ ‘. Section 13A-5-40(b) refers to § 13A-6-2(a)(1) for the definition of “murder”; and § 13A-6-2(a)(1) codifies the doctrine of transferred intent in that definition.’
“Ex parte Jackson, 614 So.2d 405, 407 (Ala.1993).
“Thus, depending on the facts of a case, it is conceivable that the offense of murder wherein two or more persons are murdered by one act or pursuant to one scheme or course of conduct could arise from the intent to Mil one person. The court in Living v. State, 796 So.2d 1121 (Ala.Crim.App.2000), reckoned with such possibility. In Living the court stated:
“ ‘On appeal, ... Living argues that the jury could have found that he intentionally killed Jennifer, but that he did not intend to Mil Melissa. Therefore, according to Living, the jury could have found him guilty of murder with regard to Jennifer and guilty of recMess manslaughter with regard to Melissa.
*30 “ ‘Under the doctrine of transferred intent, however, if Living intended to kill Jennifer he would be criminally culpable for murder with regard to the unintended death of Melissa. See Harvey v. State, 111 Md.App. 401, 681 A.2d 628 (1996) (the doctrine of transferred intent operates with full force whenever the unintended victim is hit and killed; it makes no difference whether the intended victim is missed; hit and killed; or hit and only wounded). Several jurisdictions have held that the doctrine of transferred intent is applicable when a defendant kills an intended victim as well as an unintended victim. See, e.g., State v. Fennell, 340 S.C. 266, 581 S.E.2d 512 (2000); Ochoa v. State, 115 Nev. 194, 981 P.2d 1201, 1205 (1999); Mordica v. State, 618 So.2d 301, 303 (Fla.Dist.Ct.App.1993); and State v. Worlock, 117 N.J. 596, 569 A.2d 1314, 1325 (1990).
“ ‘. If Living intended to kill Jennifer, his specific intent would transfer to the killing of Melissa.’
“796 So.2d at 1131.”
Smith, — So.2d at- (footnote omitted).
Here, the person actually killed was a six-year-old boy inside a dwelling. Section 13A-5-40(a)(15) defines a capital offense as the murder of an individual under 14 years of age. Section 13A-5-40(a)(16) defines a capital offense as the murder of an individual by use of a deadly weapon fired from outside a dwelling while the victim is inside the dwelling. The factual circumstances surrounding the victim’s murder constituted a capital offense. It is not a murder that defines an offense as capital but the factual circumstances surrounding the murder. The Alabama Supreme Court’s holding in Jackson recognized that the doctrine of transferred intent may apply to transfer the intent to kill from one individual to another but that the doctrine will not operate to transfer the factual circumstances surrounding the murder. This is not a situation where to constitute a capital offense the circumstances surrounding the shooting of the intended victims (police officers) was transferred to the actual victim. Indeed, had one of the officers died, the offense relating to that killing could be murder made capital because the victim was a police officer who was on duty at the time of the killing. This case is not governed by the Supreme Court’s holding in Jackson.
The trial court incorrectly held that the doctrine of transferred intent did not apply to the facts present in the complaints filed against the appellees. The appellees were lawfully charged with capital offenses. The trial court’s ruling granting habeas corpus relief to the appellees is due to be, and is hereby, reversed, and the case remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Section 12-22-90, Ala.Code 1975, specifically gives the State the right to appeal from the trial court’s ruling granting habeas corpus relief.

. We also take judicial notice of our records. See Hatfield v. State, 784 So.2d 377 (Ala.Crim.App.2000). We have also applied the doctrine of transferred intent in capital cases where we have affirmed the decisions by unpublished memoranda. See White v. State, (No. CR-99-0614, January 12, 2001) 821 So.2d 1029 (Ala.Crim.App.2001) (table), and Long v. State, 805 So.2d 785 (Ala.Crim.App.2000) (table).