PER CURIAM.
The petitioner, Earl Manassa, filed this petition for a writ of mandamus directing Judge John R. Lockett to grant his motion to dismiss the indictment returned against him by a Mobile County grand jury. Ma-nassa was indicted for capital murder for allegedly killing six-year-old Kearis Bon-ham, who was in a dwelling, as a result of a shot aimed at police officers that misfired. Manassa moved to dismiss the indictment, arguing that the doctrine of transferred intent was not applicable in a capital-murder case. Judge Lockett denied the motion and cited this Court’s decision in State v. Phillips, 842 So.2d 27 (Ala.Crim.App.2002), in its order.[1] Manassa then filed this mandamus petition.
Judge Lockett denied the motion to dismiss on June 3, 2003. This petition was filed on July 17, 2003. Rule 21(a), Ala. RIApp.P., states that a petition for a writ of mandamus, prohibition or other extraordinary writ should be filed in the reviewing court within a “presumptively reasonable” time. That rule further states:
“The presumptively reasonable time for filing a petition seeking review of an order of a trial court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it wás filed beyond' the presumptively reasonable time.”[2]
This petition was filed 44 days after Judge Lockett’s ruling on the motion to dismiss. The ' certificate of service that accompanies Manassa’s petition is dated July 15, 2003 — 42 days after Judge Lock-ett’s ruling. Rule 25, Ala.R.App.P., gives a filing party the benefit of the mailing date only when the papers are mailed by certified, registered, or express mail. Rule 25(a) states:
“Papers required or permitted to be filed in an appellate court shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing, except that papers shall be deemed filed on the day of mailing if certified, registered, or express mail of the United States Postal Service is utilized.”
Manassa’s certificate of service does not show that certified, registered, or express mail was used to mail the petition.[3] Ma- *379 nassa’s petition was untimely. Moreover, the petition contains no explanation as to why it was filed outside the presumptively reasonable time.
In Ex parte Davis, 834 So.2d 830 (Ala.Crim.App.2002), this Court quoted the “Committee Comments to Amendments to Rule 21(a) and 21(e)(4)[, Ala.R.App.P.,] Effective September 1, 2000,” and noted that when determining whether an appellate court should accept a petition filed outside the presumptively reasonable time, a court should weigh
“ ‘factors such as the prejudice to the petitioner of the court’s not accepting the petition and the prejudice to the opposing party of the court’s accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged.’ ”
834 So.2d at 833.
In applying those factors to this case, we note that the issue raised in this petition is whether Manassa may be indicted for capital murder based on the doctrine of transferred intent. In State v. Phillips, supra, this Court addressed this specific question as it related to one of Manassa’s codefen-dants. In Phillips, the State appealed a trial court’s ruling allowing Phillips to' be released on bail. Phillips argued that-he was entitled to bail because the State erroneously relied on the doctrine of transferred intent- — -a doctrine that did not apply to capital cases. In reversing the trial court’s order granting bail and holding that the doctrine of transferred intent applied to the facts of the case, we stated:
“The Alabama Supreme Court and this Court have on more than one occasion held that the doctrine of transferred intent applies to capital offenses. See Ex parte Jackson, [614 So.2d 405 (Ala.1993) ]; Smith v. State, [Ms. CR-97-1258, December 22, 2000] — So.2d - (Ala.Crim.App.2000); Living v. State, 796 So.2d 1121 (Ala.Crim.App.2000); Farrior v. State, 728 So.2d 691 (Ala.Crim.App.1998).
“The Alabama Supreme Court in Jackson first addressed the doctrine of transferred intent and its relationship to capital offenses. The Court granted mandamus relief and ordered the trial court to dismiss the capital-murder charges against Jackson because the person killed was not in a motor vehicle — as alleged in the indictment. The indictment charging Jackson' with violating § 13A-5-40(a)(17), Ala.Code 1975, specifically alleged that Jackson attempted to kill George Prickett by shooting Prickett while Prickett was in an automobile and that, thereby, Jackson caused the death of Alisha Desha Roberts, who was not in a motor vehicle. The Court explained:
“ ‘Under the facts alleged in the indictment, Jackson’s intent to kill Prickett can certainly be “transferred” to the conduct that actually resulted in the death of Roberts. However, Prickett’s location (in a motor vehicle) cannot be “transferred” to Roberts so as to elevate the crime to capital murder.
“ ‘First, the clear statutory language of § 13A-5-40(a)(17), considered together with § 13A-5-40(b) and § 13A-6-2(a)(l), does not yield that result. Section 13A-5^40(b) refers to § 13A-6-2(a)(l) for the definition of “murder”; and § 13A-6-2(a)(l) codifies the doctrine of transferred intent in that definition. However, § 13A-5-40(a)(17) makes a “murder” capital only when “the victim is killed while in a motor vehicle.” That is, that section *380 defines a factual circumstance rather than merely a state, of mind; and that factual circumstance is not present in this case. Prickett was not “killed” and Roberts was not “in a motor vehicle.” ’
“614 So.2d at 407. The capital-murder indictment in Jackson was dismissed not because the doctrine of transferred intent was inapplicable to Jackson’s conduct that resulted in the victim’s death, but because the victim, when she was shot and killed, was not inside a motor vehicle, as provided under the statute defining the offense for which Jackson had been indicted. The Supreme Court noted in Jackson that § 13A-5-40(a)(17) ‘defines a factual circumstance’ that was not present in the case. The Alabama Supreme Court did not reject the doctrine of transferred intent, but rather the doctrine of transferred location.
“We have not construed Jackson as narrowly as the interpretation urged by the appellees. We have not held that the doctrine of transferred intent applies only to those situations involving the same definition of capital murder, i.e., where a" defendant intended to shoot one occupant of a vehicle but instead shot and killed another occupant of the vehicle....
[[Image here]]
“Here, the person actually killed was a six-year-old boy inside a dwelling. Section 13A-5-40(a)(15) defines a capital offense as the murder of an individual under 14 years of age. Section 13A-5-40(a)(16) defines a capital offense as the murder of an individual by use of a deadly weapon fired from outside a dwelling while the victim is inside the dwelling. The factual circumstances surrpunding the victim’s murder constituted a capital offense. - It is not a murder that defines an offense as capital but the factual circumstances surrounding the murder. The Alabama Supreme Court’s holding in Jackson recognized that the doctrine of transferred intent may apply to- transfer the intent to kill from one. individual to another but that the doctrine will not operate to transfer the factual circumstances surrounding the. murder. This is not a situation where to constitute a capital offense the circumstances surrounding the shooting of the intended victims (police officers) was transferred to the actual victim. Indeed, had one of the officers died, the offense relating to that killing could be murder made capital because the victim was a police officer who was on duty at the time of the killing. This case is not governed by the Supreme Court’s holding in Jackson.
“The trial court incorrectly held that the doctrine of transferred intent did not apply to the facts present in the complaints filed against the appellees. The appellees were lawfully charged with capital offenses. The trial court’s ruling granting habeas corpus relief to the ap-pellees is due to be, and is hereby, reversed, and the case remanded for an order or proceedings consistent with this opinion.”
842 So.2d at 28-30 (footnote omitted).[4]
Based on our holding in Phillips that the doctrine of transferred intent was applicable to the facts presented in this case, Manassa can establish no prejudice in this Court’s failure to accept this untimely mandamus petition. Moreover, if Manassa disagrees with the holding in Phillips, as it *381 appears he does from his mandamus petition, then the appropriate vehicle to argue a change in the law is on direct appeal if, and when, Manassa is convicted. A writ of mandamus will not issue unless the petitioner has a clear legal right to the relief sought. See Ex parte Davidson, 786 So.2d 1146 (Ala.Crim.App.1999). Judge Lockett faithfully applied the law as set out in our opinion in Phillips.
Because this cause was untimely filed, this petition is due to be dismissed for failure to comply with Rule 21(a), Ala. R.App.P.
PETITION DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. The appellees in Phillips — Shanta Phillips, Vanda Gilmore, and Lamont Graves — are Ma-nassa’s codefendants.

. Rule 4(b)(1), Ala.R.App.P., states that the time for filing notice of appeal from a criminal conviction is 42 days from the date of sentencing.

.Manassa’s certificate of service states, in part, "I hereby certify that I have served a true and correct copy of the foregoing ... by depositing a copy of same in the United States mail....”

. Phillips appealed our ruling to the Alabama Supreme Court and that Court denied certio-rari review on August 16, 2002.