940 So.2d 1077 (2006)
STATE
v.
Michael DEAN.
CR-04-1418.
Court of Criminal Appeals of Alabama.
February 3, 2006.
Rehearing Denied February 24, 2006.
*1078 Troy King, atty. gen., and John M. Porter, asst. atty. gen., for appellant.
Aimee C. Smith, Montgomery, for appellee.
McMILLAN, Presiding Judge.
The State of Alabama appeals from the trial court's order dismissing Count IV of a five-count indictment against Michael Dean. Count IV charged Dean with the murder of witness Patrick Flynn, made capital pursuant to § 13A-5-40(a)(14), Ala. Code 1975. In his motion to dismiss, Dean argued that Count IV failed to allege that Flynn was actually "under subpoena" at the time of the alleged murder. After an evidentiary hearing, the trial court granted Dean's motion, finding that it was undisputed that the victim was never subpoenaed and that § 13A-5-40(a)(14) "unambiguously requires that the victim have testified or been subpoenaed."
Count IV of the indictment charged Dean with shooting and killing Patrick Flynn while "an indictment in the criminal case of State of Alabama v. Michael Dean, case no. CC-2002-578, had been filed with the Clerk of Court, listing Patrick Flynn as a witness, thereby subjecting him to Service of Process each and every time subpoenas were issued by the Clerk of Court. . . ." The indictment in Case No. CC-2002-578 has not been included in the record on appeal. We will examine the State's claim based on the record that is before us.
Section 13A-5-40(a)(14), Ala.Code 1975, provides that murder under the following circumstances is a capital offense:
"Murder when the victim is subpoenaed, or has been subpoenaed, to testify, or the victim had testified, in any preliminary hearing, grand jury proceeding, criminal trial or criminal proceeding of whatever nature, or civil trial or civil proceeding of whatever nature, in any municipal, state, or federal court, when the murder stems from, is caused by, or is related to the capacity or role of the victim as a witness."
(Emphasis added.)
The State contends that listing Patrick Flynn's name as a witness satisfied the "has been subpoenaed" requirement of § 13A-5-40(a)(14) because the clerk of court was under a duty to issue a subpoena at the time of Flynn's death. The State argues that the actual issuance and service of the subpoena were "mere formalities" or "ministerial duties" and that a narrow reading of the statute would frustrate the legislative purpose of deterring the murder of "projected" witnesses listed on the indictment. The State argues that in McCall v. State, 501 So.2d 496 (Ala.Crim. App.1986), this court "expressly rejected" the strictest construction of the "has been subpoenaed" requirement by permitting issuance, rather than actual service, to serve as the critical factor in determining compliance with § 13A-5-40(a)(14).
The State's reliance on McCall is misplaced. In McCall, a subpoena was issued on May 1, 1983, by first-class mail, commanding the victim to appear in a murder trial set for May 23, 1983. The trial was reset for September 19, 1983, and the victim was killed before the subpoena was reissued. This court upheld the defendant's *1079 indictment under § 13A-5-40(a)(14), stating, in pertinent part:
"The Court finds that the issuance of this subpoena for the aforesaid trial date meets the requirement of § 13A-5-40(a)(14) of the Code of Alabama that the victim `had been subpoenaed, to testify,' in a criminal trial. Any other finding would thwart the plain meaning of the statute. Clearly, the victim had been subpoenaed to testify in said trial, and the postponement of said trial is of no relevance whatsoever to § 13A-5-40(a)(14). To read otherwise would be to hold that criminals could evade the plain intent of the legislature by murdering subpoenaed witnesses after a case was postponed and before any new subpoenas were issued. The intent of the legislature is to proscribe the intentional killing of subpoenaed witnesses at any time so long as the intentional killing `stems from, is caused by, or is related to' the victim's capacity as a witness.
"Similarly, the issuance of a subpoena without proof of actual service meets the statutory requirement of `has been subpoenaed.' The Court finds that the `has been subpoenaed' requirement was utilized by the legislature in order for there to be an objective criterion that the victim was, in fact, a witness, or to be a witness, and thereby to give adequate warning of the crime delineated. This requirement is reasonably met by subpoena issuance alone. Indeed, to hold otherwise, would be to thwart legislative intent by enabling criminals to murder witnesses prior to actual service of an issued subpoena."
501 So.2d at 505. (Emphasis added.)
Limiting the application of § 13A-5-40(a)(14) to witnesses for whom a subpoena has actually been issued gives "fair import" to the language of the statute and "fair warning" of the conduct that is proscribed. Section 13A-1-6, Ala.Code 1975, provides that "[a]ll provisions of [the Alabama Criminal Code] shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law, including the purposes stated in Section 13A-1-3." The § 13A-1-6 Commentary explains that "[u]nder this section, not only must the alleged misconduct be covered by `the fair import' of the Criminal Code provision, but also, under section 13A-1-3, the statute must be construed so that it gives `fair warning of the nature of the conduct proscribed and the punishment authorized upon conviction.'"
The State concedes that the plain meaning of the words in § 13A-5-40(a)(14) excludes the facts of the present case. However, the State urges this court to look beyond the words of the statute because to do otherwise would "merely place an arbitrary time limit on the killing of projected witnesses rather than act as a real deterrent." The State argues, citing Ex parte Day, 378 So.2d 1159 (Ala.1979), that this court should not blindly follow the meaning of the words in a statute if such an interpretation would render the statute ineffectual.
The State's reliance on Day is misplaced. In Day, the Alabama Supreme Court held that confidential communications between "psychiatrists" and patients were covered under the "psychologist" privilege of § 34-26-2, Ala.Code 1975, because psychologists were required to maintain intercommunication with psychiatrists, and any other interpretation would render the psychologist privilege valueless. Limiting the application of § 13A-5-40(a)(14) to witnesses for whom a subpoena has been issued does not render the statute ineffectual. This limitation instead sets an objective standard for determining when a potential or projected witness is, in fact, a *1080 witness. Without such a standard, the applicability of § 13A-5-40(a)(14) would be subject to speculation. See, for example, Gavin v. State, 891 So.2d 907, 933 n. 5 (Ala.Crim.App.2003), in which the defendant alleged that an indictment for capital murder should have been returned in a case similar to his because the victim in that case was "an informant." This court rejected the argument because Gavin presented no evidence that the victim "had testified or had been subpoenaed to testify as required by § 13A-4-40(a)(14), Ala. Code 1975." Id.
In Ex parte Jackson, 614 So.2d 405 (Ala.1993), the Alabama Supreme Court examined another death penalty provision, subsection (a)(17) of § 13A-5-40, to see if it applied to the facts of that case. After considering both the "clear statutory language" of the provision and the presumption that "the legislature knows the meaning of the words it uses in enacting legislation," the Court concluded that the provision did not apply. We likewise presume that the legislature knew the meaning of the clear language it used in § 13A-5-40(a)(14). If the legislature had intended subsection (a)(14) to apply to projected witnesses, the legislature could have written the statute to include a victim who is "listed on the indictment to be subpoenaed" or who is "projected to be a witness." "The judiciary will not add that which the Legislature chose to omit." Jackson, 614 So.2d at 407. If the legislature disagrees with this interpretation of § 13A-5-40(a)(14), then it will enact appropriate legislation to modify the statute and yield a different result in subsequent cases.
For the foregoing reasons, the trial court's order dismissing Count IV of the indictment hereby is affirmed.
AFFIRMED.
BASCHAB and SHAW, JJ., concur; WISE, J., concurs specially, with opinion, in which COBB, J., joins.
WISE, Judge (concurring specially).
Patrick Flynn was killed because the State intended to call him to testify as a witness against Michael Dean. However, because he was killed before the circuit clerk had issued a subpoena for this purpose,[1] I must reluctantly concur with the majority's conclusion that the trial court correctly dismissed Count IV of Dean's five-count indictment on the ground that listing the victim's name as a witness did not satisfy the "has been subpoenaed" requirement of § 13A-5-40(a)(14), Ala.Code 1975.
Although the State urges us to look beyond the words in § 13A-5-40(a)(14) and hold that that section applies to the present fact situation, we are unable to do so, given the Alabama Supreme Court's holding that "`[s]tatutes creating crimes are to be strictly construed in favor of the accused; they may not be held to apply to cases not covered by the words used. . . .'" Ex parte Jackson, 614 So.2d 405, 406 (Ala. 1993) (quoting United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 81 L.Ed. 127 (1936)). I believe, however, that the Alabama Legislature, in enacting § 13A-5-40(a)(14), intended to protect persons the State intended to call as witnesses by making the murder of those individuals a capital offense. Here, the victim's name Patrick Flynnwas listed on the indictment as one of the prosecution's witnesses *1081 in Case No. CC-2002-578, thus notifying Dean of the identity of one of the individuals who would be testifying against him and placing that person in potential peril. Unfortunately, as currently written, because Dean allegedly killed Patrick Flynn before Flynn was formally subpoenaed to testify, he cannot be charged with the capital offense of murdering a witness who had been subpoenaed to testify against him. Certainly, the legislature did not intend such an illogical result. I, therefore, urge the legislature to amend § 13A-5-49(a)(14) so as to close the loophole created by the current language of that statute.
NOTES
[1] I do not mean to suggest the subpoena was not timely issued because of any fault of the circuit clerk. It simply appears that Flynn was killed before any court dates were set, which would trigger the issuance of a subpoena.