940 So.2d 1081 (2006)
Ex parte State of Alabama.
(In re STATE of Alabama
v.
Michael DEAN).
1050707.
Supreme Court of Alabama.
April 28, 2006.
Troy King, atty. gen., and Stephanie N. Morman and John M. Porter, asst. attys. gen., for petitioner.
Submitted on petitioner's brief only.
Prior report: Ala.Cr.App., 940 So.2d 1077.
HARWOOD, Justice.
WRIT DENIED. NO OPINION.
SEE, LYONS, and WOODALL, JJ., concur.
NABERS, C.J., and STUART, SMITH, BOLIN, and PARKER, JJ., concur specially.
SMITH, Justice (concurring specially).
I concur to deny the petition for certiorari review in this case. I write specially to express my concern regarding the language of Ala.Code 1975, § 13A-5-40(a)(14).
A more thorough explanation of the facts of this case can be found in the opinion of the Court of Criminal Appeals. See State v. Dean, [Ms. CR-04-1418, February 3, 2006] 940 So.2d 1077 (Ala.Crim. App.2006). As that opinion notes, Michael Dean was charged with killing Patrick Flynn, who was to be a witness in a case against Dean but who had not yet been subpoenaed. Count IV of the indictment charged Dean with murder made capital under Ala.Code 1975, § 13A-5-40(a)(14), which makes capital murder under the following circumstances:
"Murder when the victim is subpoenaed, or has been subpoenaed, to testify, or the victim had testified, in any preliminary hearing, grand jury proceeding, criminal trial or criminal proceeding of whatever nature, or civil trial or civil proceeding of whatever nature, in any municipal, state, or federal court, when the murder stems from, is caused by, or is related to the capacity or role of the victim as a witness."
This Court is bound to apply the plain meaning of any statute; when the language of a statute is unambiguous, the clearly expressed intent of the legislature *1082 must be given effect. See Ex parte McCormick, 932 So.2d 124, 132 (Ala.2005). As the Court of Criminal Appeals held, the plain meaning of the words used in § 13A-5-40(a)(14) excludes the present case, because Flynnwho was listed as a potential witnesshad not yet been subpoenaed when he was killed. Therefore, the trial court correctly dismissed Count IV of the indictment, and the Court of Criminal Appeals correctly affirmed that dismissal.
I concur with the following from the Court of Criminal Appeals' decision:
"In Ex parte Jackson, 614 So.2d 405 (Ala.1993), the Alabama Supreme Court examined another death penalty provision, subsection (a)(17) of § 13A-5-40, to see if it applied to the facts of that case. After considering both the `clear statutory language' of the provision and the presumption that `the legislature knows the meaning of the words it uses in enacting legislation,' the Court concluded that the provision did not apply. We likewise presume that the legislature knew the meaning of the clear language it used in § 13A-5-40(a)(14). If the legislature had intended subsection (a)(14) to apply to projected witnesses, the legislature could have written the statute to include a victim who is `listed on the indictment to be subpoenaed' or who is `projected to be a witness.' `The judiciary will not add that which the Legislature chose to omit.' Jackson, 614 So.2d at 407. If the legislature disagrees with this interpretation of § 13A-5-40(a)(14), then it will enact appropriate legislation to modify the statute and yield a different result in subsequent cases."
940 So.2d at 1077.
NABERS, C.J., and STUART and BOLIN, JJ., concur.
PARKER, Justice (concurring specially).
I concur to deny the State of Alabama's petition for certiorari review. The Court of Criminal Appeals' holdingthat because Patrick Flynn, the victim, was not under subpoena at the time of his death, Michael Dean cannot be charged with capital murder under Ala.Code 1975, § 13A-5-40(a)(14)is correct. Because of the wording of § 13A-5-40(a)(14), the State cannot pursue a capital-murder indictment under the facts of this case as alleged.
One reason the status of the victim as a subpoenaed witness is made an aggravating factor justifying a capital-murder charge is that witnesses need protection, and the murder of a witness is not only an offense against the victim, but also an attack upon the criminal-justice system. If the intent of the State of Alabama is to protect witnesses from the time an indictment issues, then the legislature should reexamine § 13A-5-40(a)(14) and consider amending it to reflect this objective.