# Gober *et al. v.* The State.

*Indictment for Posting and Leaving Obscene or vulgar Pictures or Writing on or near a Dwelling House.*

1. *Indictment for posting and leaving obscene or vulgar pictures or writing on or near a dwelling house; sufficiency of evidence; fatal variance.*—On a trial under an indictment charging that the defendant "did willfully post up or leave obscene or vulgar pictures, placards, writing or printed matter on a dwelling house" of a certain named person, where the evidence shows that the defendant left or posted an obscene or vulgar writing on a house belonging to said named person, which was built for a tenant house, and situated thirty or forty feet from said named person's dwelling house, and that said tenant house was used as a storage room or smoke house, there is a fatal variance between the averments of the indictment and the proof, which would prevent a conviction; it appearing that the obscene writing was not left on the dwelling house of said person.

APPEAL from the County Court of Cullman.

Tried before the Hon. S. L. FULLER.

The appellants in this case were indicted, tried and convicted for posting and leaving obscene pictures and writing or printing on a dwelling. The facts of the case are sufficiently stated in the opinion.

W. T. L. COFER, for appellant.

MASSEY WILSON, Attorney-General, for the State. The term "dwelling" includes everything within the curtilage and the evidence showed that the writing was on a building within the curtilage.—10 Am. & Eng. Encyc. of Law (2 ed.) 353; *State v. McCall,* 4 Ala. 643; *Fisher v. State,* 43 Ala. 17; *Ivey v. State,* 61 Ala. 58; *Cook v. State,* 83 Ala. 62.

McCLELLAN, C. J.—Section 5599 of the Code is as follows: "Any person, who willfully posts up or leaves any obscene or vulgar picture, placard, writing, or printed matter about or near to any church, dwelling, school, academy, or public highway, must on conviction, be fined not less than ten, nor more than fifty dollars."

The indictment in this case charges that "Cyrus Gober, Joe Hanson and Pearce Hanson did willfully post up or leave obscene or vulgar picture, placard, writing or printed matter on the dwelling house of C. Shepherd, against the peace and dignity of the State of Alabama."

The evidence went to show that Cyrus Gober and Pearce Hanson left or posted an obscene or vulgar writing on a house belonging to C. Shepherd, which had been built for a tenant house, but had never been used as such, or otherwise as a habitation, situated thirty or forty feet from Shepherd's dwelling house, in which he and his family resided, and that said tenant house was used at the time of the alleged offense "as a storage room or smokehouse in which was kept corn, fodder, meat, flour, meal, hay and salt."

In our opinion there was a fatal variance between the averment of the indictment that the writing was posted or left *on the dwelling house* of C. Shepherd, and the proof that it was left on this outhouse. Had the indictment followed the language of the statute, we do not doubt but that the evidence we have averted to would have supported its averments; the averment, however, is not that the writing, etc., was posted or left about or near the dwelling house, the language of the statute, but it was posted or left *on* the dwelling house; and the proof is that it was not posted or left on the dwelling house at

all. There is no warrant for saying that any building in the curtilage of the dwelling house is the dwelling house within the meaning of this statute. That would be to enlarge the letter of a penal statute even beyond its spirit and purpose. The language employed is indeed itself directly opposed to such a construction, since it in terms includes the curtilage by the use of the words "about or near to a dwelling," thus expressly providing for postings both upon the dwelling and upon other buildings, structures and objects near thereto.

Upon these considerations is rested our conclusion that the evidence did not sustain the indictment, but, being variant therefrom, should have been excluded.

It follows, also, the evidence having been received against defendant's objection, that the affirmative charge requested by them should have been given.

The judgment must be reversed, and the cause will be remanded. The defendant will remain in custody until discharged in due course of law.

Reversed and remanded.