282 So.2d 116

**Martin LOCKLEAR**

**v.**

**STATE.**

**6 Div. 504.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

Robert R. Bryan, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant was convicted in the Criminal Court of Jefferson County and, on appeal to the Circuit Court of said County, was again convicted of violating Tit. 14, § 372, Recompiled Code of Alabama, 1958.

The jury assessed a fine of $75.00. The trial court, despite the use of the disjunctive "or" relative to the fixation of punishment, added six months at hard labor for the County as additional punishment plus hard labor for nonpayment of costs.

§ 372 of Code, supra, reads as follows:

"Any person who wilfully posts up or leaves any obscene or vulgar picture, placard, writing, or printed matter about or near to any church, dwelling, school, academy, or a public highway, or a private path or road way where one or more persons are known to travel, or in any store house, or public place, shall, on conviction, be fined not less than ten nor more than five hundred dollars or be punished by hard labor for the county not to exceed twelve months."

Preceding the trial in the circuit court, the State filed an information in obedience to Tit. 15, § 363, Recompiled Code of Alabama, 1958. This information reads in part as follows:

" . . . Martin Locklear did violate Title 14, Sec. 372, 1940 Code of Alabama, 1958, Recompiled To-wit: displayed in a public place to-wit: the Jefferson County Court House on or about September 29, 1971, a three inch patch on the seal [sic] of his trousers in bold red letters . . . . "

Then followed vulgar or obscene words with conclusion "against the peace and dignity of the State of Alabama."

■ The gravamen of the offense relates to the words, "wilfully posts up or leaves," while the word, "displayed," as used in the information, supra, refers incidentally to the manner of posting or leaving; in other words, a posting or leaving in such manner as to display the offensive words or picture.

The evidence adduced at the trial does not show that the defendant left any obscene or vulgar placard, writing or printed matter. The patch with the obscene or vulgar inscription went wherever the defendant wore his trousers and was not left.

The guilt of the defendant depends on whether or not he posted the inscribed patch in violation of § 372, supra.

Black's Law Dictionary, DeLuxe, Fourth Edition, defines "post" to mean:

"To bring to the notice or attention of the public by affixing to a post or wall, or putting up in some public place; to placard."

The word, "post," has been construed in other states. It was held in Iowa-Missouri Grain Co. v. Powers, 198 Iowa 208, 196 N.W. 979, 981 (1924) and City of Pittsburgh v. Pittsburgh Rys. Co., 259 Pa. 558, 103 A. 372, 373 (1918), that through common usage a definite and particular meaning, i. e., to attach to, or be placed upon a wall or post, a bulletin board, or upon some object so that the contents will be displayed.

However, probably the closest case on the facts is that of Stanford v. State, 99 Tex.Cr.R. 111, 268 S.W. 161, 162, (1925), wherein it appears that defendant was convicted of posting threats by way of wearing robes and regalia of the Knights of the Ku Klux Klan. The Court, in holding that there was a fatal variance, observed as follows:

"The meaning of the word 'post' in its usual acceptation is 'to attach to a post, a wall, or other usual place of affixing public notices; to placard; as to post a notice; to post playbills; to advertise.' "

The Court even went further and observed:

"But when it is charged that the things 'posted' were the regalia and robes of the Klan—articles of wearing apparel not ordinarily associated with 'post' in its usual meaning—it left accused, and leaves this court, to speculate and wonder what was done with the 'regalia and robes' that would support an allegation that they were 'posted.' Were they hung on the door knob, the wall of appellant's residence, or were they suspended from a tree in his yard? Who can tell . . . . ."

Basing our opinion on the foregoing observations, we think that the words "post up" as used in § 372, supra, mean exactly what they mean in common everyday vernacular.

There are no cases in Alabama construing the word "posts" or "posts up." However, the Alabama Supreme Court in its construction of § 372, supra, strongly implied in Gober v. State, 140 Ala. 153, 37 So. 78 (1904) (as the statute existed in the 1896 Code of Alabama) that the word carried its common meaning; i. e., to post on, or affix to a post, wall, bulletin board or other similar object.

■ Criminal statutes cannot be extended to cases not included within the clear and obvious import of their language. Young v. State, 58 Ala. 358(1).

■ No person is to be made subject to penal statutes by implication, and all doubts concerning their interpretation are to predominate in favor of accused. Fuller v. State, 257 Ala. 502, 60 So.2d 202(5).

Penal statutes are not to be extended by construction, but must be limited to cases clearly within the language used. Greek-American Produce Co. v. Illinois Central R. R. Co., 4 Ala.App. 377, 58 So. 994(9).

We think the trial court erred in denying defendant's motion to exclude the evidence.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

Reversed and remanded.

CATES, P. J., and ALMON, HARRIS and DeCARLO, JJ., concur.

TYSON, J., not sitting.