HARRIS, Presiding Judge.
Appellant was charged by complaint with violation of an ordinance of the City of Trussville, Alabama, which makes it unlawful for any person who is intoxicated by or under the influence of liquor or narcotic drugs to appear or travel upon or be along the public roads and highways of this state. The jury returned a verdict of guilty as charged in the complaint and assessed a fine in the amount of $200.00. Appellant gave notice of appeal and trial counsel represents him on this appeal.
The evidence presented on behalf of the City of Trussville consisted of the testimony of the two arresting officers, John Wilson and Willis Johnson, patrolmen with the Trussville Police Department. The testimony of both officers was substantially the same.
On November 28,1976, while on patrol in the City of Trussville, at 1:03 a. m., the officers noticed a car sitting on a public street and one white male was leaning out the door. It is not disputed that appellant never got out of the car. As the officers pulled up to see what the trouble was and turned the blue light on, the car, which was a private vehicle occupied by two white males, pulled off.
Officer Wilson testified that the occupant who was hanging out the door of the car leaned back in the car and shut the door. The officers followed the vehicle for a distance of around 60 to 70 yards. The car was traveling at approximately 40 miles per hour. The vehicle pulled into the yard of a residence at which time the officers got out of their vehicle as the two men, appellant and a companion, went into the house. They called for the men to stop, telling them that they were police officers and wanted to talk to them, but they kept going.
Officer Wilson testified that appellant was unsteady on his feet. As Wilson passed appellant’s car, he smelled the odor of alcohol. The two men went into the house, slammed the door, and the lock turned automatically. Officer Wilson testified that he knocked on the door around six or eight *199 times. Officer Johnson proceeded to the back of the house. After being refused admittance, Officer Wilson kicked the door open, and both officers entered the house. They found appellant and his companion upstairs in the bedroom in the process of getting ready for bed. Appellant was leaning back on the bed and was intoxicated. Both men were placed under arrest. There was testimony that appellant used vile, profane and obscene language against the officers. Both officers were in uniform and they testified that appellant and his companion were told why they were being arrested.
While the officers were in the house appellant went to the telephone, called the Trussville Police Department, requested that a police car be sent to the scene, then hung up the phone and pulled the cord out of the wall.
Officer Johnson testified that, at the time the officers pulled up to the car on the public street, he was not able to determine whether appellant was drunk.
At the conclusion of the City’s case, appellant moved that the charges be dropped for lack of evidence. The motion was denied.
Patrick Garrison, dispatcher for the Trussville Police Department, testified that he was on duty when appellant and his companion were brought in and that he witnessed the sobriety test on appellant’s companion, Bert Yackee, who was arrested for reckless driving. A test was not administered to appellant. The witness was asked whether appellant was intoxicated at that time, but was not allowed by the court to respond.
Kate Mize, appellant’s grandmother, testified that on the night of November 28, 1976, she was at home. She heard appellant and Yackee come in and go upstairs. A few moments later the police broke the door in and entered the house. She testified that they did not knock first. Mrs. Mize testified that when she asked the police officers what they wanted, they said, “Where is them damn boys?” They called upstairs for the boys to come down and, when they didn’t answer, the police went upstairs and got them. She testified that her grandson did not use profane or abusive language.
On cross-examination Mrs. Mize testified that appellant and Yackee did not have anything to drink after arriving at home. She testified that she later noticed that the telephone had been jerked out of the wall but did not know if this was done by appellant.
Bert Yackee testified that he and appellant had been to a party on the night of November 28, and had stopped to get something to eat around midnight on the way home. Appellant felt sick at his stomach and they stopped beside the road to relieve his nausea. At this point the police officers drove up. Yackee testified that appellant felt better and they started to go on. They drove to the appellant’s house and went in.
Yackee testified that he was arrested for reckless driving and that when the police pulled up beside them on the public street, the blue light was not on. Yackee testified that he and appellant were getting into bed when the police came upstairs. He testified that Officer Wilson jerked appellant by the arm and a struggle ensued. On cross-examination Yackee testified that he only recalled having two beers that night and that he had registered .05 on the sobriety test.
Appellant, Ronnie Mechalske, testified in his own behalf. His testimony was substantially the same as that of Bert Yackee. He also testified that he had maybe two beers that night.
Appellant testified that, when he got sick on the way to his house, the car was stopped and he opened the door and threw up. Appellant also testified that neither he nor the officers ever used any abusive or profane language. He testified that when he asked what he was being arrested for, Officer Wilson told him failure to yield to a blue light. He testified that he was mad, but that to his knowledge he did not jerk the telephone out of the wall.
Appellant filed a timely motion for new trial, setting forth the ground, among oth *200 ers, that the evidence was insufficient to support the verdict and judgment, and that the trial court erred in overruling appellant’s timely motion to exclude the City’s evidence at the conclusion of the City’s case.
Ordinance Number 7, as amended by Ordinance Number 171 of the City of Truss-ville, provides in substance as follows:
“All acts or omissions which are misdemeanors under the laws of the State of Alabama are hereby declared to be offenses against the ordinances and laws of the City of Trussville, and any person, firm or corporation committing any such misdemeanor within the corporate limits of the City of Trussville, or within the police jurisdiction thereof, must on conviction be punished by a fine not exceeding $200.00 or by imprisonment in the City jail or at hard labor upon the streets or public works for not exceeding six months or by both such fine and imprisonment.”
Appellant was charged with violation of this ordinance and Ala.Code, tit. 14, § 120(1) [now Code of Alabama 1975, § 13-6-15] which provides in pertinent part as follows:
“It shall be unlawful for any person who is intoxicated by or under the influence of liquor or narcotic drugs to appear, or travel upon, or be along the public roads and highways of this state. Any person violating this section shall be guilty of a misdemeanor. . . . provided, this section shall not apply to persons traveling along a public highway as passengers in any public or private conveyances.” (Emphasis supplied)
At no time during the trial of this case was any evidence presented by the City of Trussville that appellant was ever out of the car in which he was traveling while on the public highway. The only occasion which officers had to observe appellant outside of the car was at appellant’s private residence after they had followed him home. When Officer Wilson observed him to be “unsteady on his feet”, smelled liquor, and when appellant allegedly used profane language, he was not on a “public street” but at his home.
The testimony of both officers as well as that of appellant and Bert Yackee tended to show that appellant merely leaned out of the car while sitting on the public street. There was absolutely no evidence that he got out of the car until he reached his home. The testimony was also uncontro-verted that Bert Yackee was driving the car and appellant was a passenger. The statute under which appellant was charged specifically excepts from its operation persons traveling along a public highway as passengers in any public or private conveyances.
It cannot be gainsaid that appellant was convicted under a penal law or ordinance. It is axiomatic that a penal statute must be strictly construed and cannot be extended to cases not included within the clear and obvious import of its language. No person is to be made subject to penal statutes by implication, and all doubts concerning their interpretation are to predominate in favor of the accused. Locklear v. State, 50 Ala.App. 679, 282 So.2d 116; Fuller v. State, 257 Ala. 502, 60 So.2d 202(5).
The City of Trussville failed to present any evidence to show that appellant committed any act in violation of the statute under which he was charged. The judgment of conviction must therefore be reversed and rendered.
Reversed and Rendered.
All the Judges concur.