TAYLOR, Judge.
Appellant in this case, Jeffrey H. Rudell, was convicted of the sale of a controlled substance and sentenced to 15 years’ imprisonment.
The facts show that Rudell, a licensed physician, gave several prescriptions for Methaqualone to William Rhegness, an undercover agent of the Alabama Bureau of Investigation.
The evidence tended to show that appellant failed to administer a proper medical examination before issuing the prescriptions to Investigator Rhegness.
Appellant contends that a licensed physician cannot be convicted of the sale of a controlled substance under § 20-2-70, Code of Alabama 1975, if the prescription *1330 in question involves a drug that the physician is legally authorized to prescribe, citing Evers v. State, 434 So.2d 804 (Ala.Cr. App.1982), rev’d, 434 So.2d 813 (Ala.1983).
The Evers case was factually very similar to the case at bar. In that case, this court held that § 20-2-70 was applicable to licensed physicians. The pertinent part of that section reads as follows:
“(a) Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony and, upon conviction, for the first offense may be imprisoned for not less than two nor more than 15 years and, in addition, may be fined not more than $25,000.00.”
In Evers, we held that a physician who abused his authority by writing a prescription for a controlled substance for no legitimate medical purpose fell outside the “Except as authorized” language of the statute.
The Supreme Court, however, reversed that decision and found that § 20-2-70(a) does not apply to a licensed physician who writes a prescription within the scope of his registration.
The Supreme Court’s decision in Evers controls, and on that authority, we reverse the instant case.
REVERSED AND RENDERED.
All the Judges concur except HARRIS, J., who concurs in result only.