BASCHAJB, Judge.
The appellant, Patricia Norman Bertram, pled guilty to felony driving under the influence (“felony DUI”), a violation of § 32-5A-191(a)(2) and (h), Ala.Code 1975, and misdemeanor leaving the scene of an accident, a violation of § 32-10-1, Ala. Code 1975. The circuit court sentenced her to serve a term of five years in prison on the felony DUI conviction, but split the sentence and ordered her to serve two years in prison followed by five years on supervised probation. It also sentenced her to serve a concurrent term of one year in the county jail on the leaving the scene of an accident conviction. Finally, it imposed a $4,100 fine on the felony DUI conviction. This appeal follows.
The appellant argues that, because she was originally charged with misdemeanor DUI, the municipal court improperly transferred her cases for prosecution in the circuit court.[1] She also argues that the circuit court improperly used a prior DUI conviction from the State of Florida to enhance her sentence on her DUI conviction.[2] The appellant bases her arguments on a contention that only prior convictions pursuant to § 32-5A-191, Ala.Code 1975, may be used to enhance a sentence for a conviction pursuant to § 32-5A-191, Ala.Code 1975. We disagree.
“ ‘Where, as here, this Court is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained.’ Ex parte Holladay, 466 So.2d 956, 960 (Ala.1985). ‘[T]he fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute.... In construing the statute, this Court should gather the intent of the legislature from the language of the statute itself, if possible .... We may also look to the reason and necessity for the statute and the purpose sought to be obtained by enacting the statute.’ Pace v. Armstrong World Industries, Inc., 578 So.2d 281, 283 (Ala.1991). ‘If possible, the intent of the legislature should be gathered from the language of the statute itself. However, if the statute is ambiguous or uncertain, the Court may consider conditions that might arise under the provisions of the statute and examine the results that will flow from giving the language in question one particular meaning rather than another.’ Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301, 1305 (Ala.1991).”
Carroll v. State, 599 So.2d 1253, 1264 (Ala.Crim.App.1992), aff'd, 627 So.2d 874 (Ala.1993), cert. denied, 510 U.S. 1171, 114 S.Ct. 1207, 127 L.Ed.2d 554 (1994).
*888 Section 32-5A-191, Ala.Code 1975, provides, in pertinent part:
“(a) A person shall not drive or be in actual physical control of any vehicle while:
[[Image here]]
“(2) Under the influence of alcohol;
[[Image here]]
“(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years.”
Section 32-5A-191, Ala.Code 1975, does not specifically state that only convictions pursuant to that section may be used to enhance a sentence for a conviction pursuant to that section. However, the Commentary to § 32-5A-191, Ala.Code 1975, states, in part:
“The purpose of this section is not only to bring the law on driving while intoxicated in line with the most recent advances made in other states to achieve something closer to uniform treatment with our sister states, but also to make DUI statutes more enforceable and to do a better job of helping identify the problem of the drinking driver and to keep him off the highway.”
Clearly, the Legislature has concluded that people who drive while they are intoxicated pose a threat to society. Accordingly, it has stated that its purpose in passing § 32-5A-191, Ala.Code 1975, was threefold: 1) to help make the treatment of people who drive while they are intoxicated in Alabama more consistent with the treatment of such people in sister states; 2) to help identify people who drive while they are intoxicated; and 3) to keep people who drive while they are intoxicated off of the highways.
The narrow reading of § 32-5A-191, Ala.Code 1975, that the appellant encourages would be contrary to the Legislature’s express intent to expand, rather than to constrict, the enforcement of DUI laws. Such a reading might also encourage people who drive while they are intoxicated to move from jurisdiction to jurisdiction to avoid more severe punishment for subsequent convictions. We reject such a narrow interpretation of § 32-5A-191, Ala. Code 1975. Rather, just as we have concluded that felony convictions from other jurisdictions may be used to enhance sentences pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975, see, e.g., Watson v. State, 392 So.2d 1274 (Ala.Crim.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981), we conclude that DUI convictions from other jurisdictions may be used to enhance a sentence for a conviction pursuant to § 32-5A-191, Ala. Code 1975. Therefore, the circuit court properly used the appellant’s prior DUI conviction from the State of Florida to enhance her sentence. Furthermore, because the appellant had three prior DUI convictions that could properly be used to enhance her sentence, the municipal court properly transferred her case for prosecution in the circuit court. See State v. Thrasher, 783 So.2d 103, 107 (Ala.2000); Ex parte Formby, 750 So.2d 587 (Ala.1999). Accordingly, the appellant’s arguments are without merit, and we affirm the circuit court’s judgment.
AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. To the extent the appellant may argue that the transfer violated her right to a speedy trial, her argument is not properly before this court because she did not first present it to the circuit court. See Harris v. State, 705 So.2d 542 (Ala.Crim.App.1997).

. When she entered her guilty pleas, the appellant specifically reserved her right to raise these issues on appeal. See Prim v. State, 616 So.2d 381 (Ala.Crim.App.1993).