The defendant Patricia Norman Bertram was convicted of violating Subsections (a)(2) and (h) of Section 32-5A-191, Ala. Code 1975, "felony driving under the influence." The Court of Criminal Appeals affirmed in an opinion, Bertram v. State,884 So.2d 886 (Ala.Crim.App. 2001).
We granted Bertram's petition for a writ of certiorari to address a single question of first impression: whether Subsection (h) of Section 32-5A-191 means for prior out-of-state convictions for driving under the influence of alcohol to count toward the total of convictions necessary to constitute the felony defined by that subsection. We reverse and remand because traditional rules of statutory construction do not allow that interpretation.
After reserving her right to appeal the adverse rulings of the trial court on the issue now before us, the defendant pleaded guilty to Count I of the indictment, which charged, in pertinent part, that she "did, on or about September 22, 2000, drive or have actual physical control of a vehicle, while [she] was under the influence of alcohol, in violation of § 32-5A-191(a)(2) and (h) of the Code of Alabama. . . ." She admitted that she was under the influence of alcohol while she was driving on September 22, 2000. The State then proffered three prior convictions for driving under the influence of alcohol. The defendant challenged only one of them. Her ground was that the challenged prior conviction was not an Alabama conviction for violating Section32-5A-191 but was, rather, a Florida conviction for violating a Florida driving-under-the-influence-of-alcohol statute and therefore was not a conviction within the meaning of Subsection (h) of Section 32-5A-191, defining the felony charged against her. The trial court rejected the defendant's challenge, counted the Florida conviction, and convicted the defendant of the Subsection (h) felony. *Page 891 
Section 32-5A-191 reads, in pertinent part:
 "(a) A person shall not drive or be in actual physical control of any vehicle while:
". . . .
"(2) Under the influence of alcohol;
". . . .
". . . .
 "(e) Upon first conviction, a person violating this section shall be punished by [stating the penalty].
 "(f) On a second conviction within a five-year period, a person convicted of violating this section shall be punished by [stating the penalty].
 "(g) On a third conviction, a person convicted of violating this section shall be punished by [stating the penalty].
 "(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by [stating the penalty]." (Emphasis added.)
The only kind of convictions mentioned by Section 32-5A-191 are convictions for "violating this section." Section 32-5A-191
nowhere mentions any kind of conviction except a conviction for "violating this section." The text of Section 32-5A-191 nowhere mentions generic convictions for "driving under the influence," much less out-of-state generic convictions under out-of-state statutes.
 "Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346
(Ala. 1992). "`[I]t is well established that criminal statutes should not be "extended by construction."'" Ex parte Mutrie,658 So.2d 347, 349 (Ala. 1993) (quoting Ex parte Evers,434 So.2d 813, 817 (Ala. 1983), quoting in turn Locklear v. State,50 Ala.App. 679, 282 So.2d 116 (1973)).
 "A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
 "Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952).
 "One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute. Fuller v. State, supra, citing [Young v. State], 58 Ala. 358
(1877).
 "No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra."
Clements v. State, 370 So.2d 723, 725 (Ala. 1979) (quoted in whole or in part in Ex parte Murry, 455 So.2d 72, 76 (Ala. 1984), and in Ex parte Walls, 711 So.2d 490, 494 (Ala. 1997)) (emphasis added).
 "`Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to apply to cases not covered by the words used. . . .' United States v. Resnick, *Page 892 299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127 (1936). See also, Ex parte Evers, 434 So.2d 813, 816 (Ala. 1983); Fuller v. State, 257 Ala. 502, 60 So.2d 202, 205 (1952)."
Ex parte Jackson, 614 So.2d 405, 406 (Ala. 1993) (emphasis added). "[T]he fundamental rule [is] that criminal statutes areconstrued strictly against the State. See Ex parte Jackson,614 So.2d 405 (Ala. 1993)." Ex parte Hyde, 778 So.2d 237, 239 n. 2 (Ala. 2000) (emphasis added). The "rule of lenity requires that `ambiguous criminal statute[s] . . . be construed in favor of the accused.'" Castillo v. United States, 530 U.S. 120, 131,120 S.Ct. 2090, 147 L.Ed.2d 94 (2000) (paraphrasing Staples v.United States, 511 U.S. 600, 619 n. 17, 114 S.Ct. 1793,128 L.Ed.2d 608 (1994)).
We read Section 32-5A-191 according to these traditional, well-settled rules of statutory construction. At the very least in favor of the defendant before us, an eminently reasonable construction of this section is that the word conviction meansconviction of violating this section everywhere the wordconviction appears within the section, including where the wordconviction appears in Subsection (h) defining the felony. Such a construction would require that Subsection (h) be read to mean "On a fourth or subsequent conviction [of violating this section], a person convicted of violating this section shall be guilty of a Class C felony and punished by [stating the penalty]." The rules of statutory construction we have quoted require us to adopt this construction rather than the construction urged by the State to the effect that "On a fourth
or subsequent conviction [of violating any
driving-under-the-influence statute of any state], a person convicted of violating this section shall be guilty of a Class C felony and punished by [stating the penalty]." The construction urged by the State contains an internal inconsistency, extends the purview of the statute beyond its express text, and construes any ambiguity against the defendant and in favor of the State, all contrary to the traditional, well-settled rules of statutory construction.
In the case before us, the defendant's prior Florida conviction is not a conviction of violating Section 32-5A-191. Therefore the trial court erred in counting the Florida conviction toward the total of convictions necessary to constitute the Subsection (h) felony and erred in convicting the defendant on that basis, and the Court of Criminal Appeals erred in affirming the defendant's conviction. Accordingly, the judgment of the Court of Criminal Appeals is reversed and this cause is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, LYONS, HARWOOD, and WOODALL, JJ., concur.
MOORE, C.J., and SEE, BROWN, and STUART, JJ., dissent.