WISE, Judge,
concurring specially.
I reluctantly concur with the main opinion’s reversal of Patricia Norman Bertram’s felony conviction for driving while under the influence of alcohol, as ordered by the Alabama Supreme Court. However, I write to express my agreement with the following language from Justice *897 Stuart’s dissent in Ex parte Bertram, 884 So.2d 889 (Ala.2003):
“The Legislature’s intent in creating the offense of driving under the influence of alcohol or a controlled substance is clear and unambiguous. This State has a valid interest in deterring conduct that risks the safety and lives of its citizens. Individuals who repeatedly drive on our roadways while under the influence of alcohol or a controlled substance endanger our citizens and shall be punished. The Legislature has determined that to deter the individual from repeatedly engaging in such dangerous conduct and to protect this State’s citizens a defendant’s punishment for driving under the influence of alcohol or a controlled substance must increase with each conviction.
“The majority’s holding unnecessarily thwarts the objective of the Legislature. In my opinion the majority abandons a common-sense interpretation and practical application of the statute, inserts words into the statute that'are not mandated, and construes the language of the statute directly opposite to the intent of the Legislature and to the common understanding of a reasonable person, even the accused.
[[Image here]]
“The purpose of the language ‘violating this section’ in the independent clauses in subsections (e), (f), (g), and (h) is to identify the present offense for which a defendant is being charged — a violation of § 32-5A-191(a), Ala.Code 1975. The introductory phrases in those subsections determine the type of offense — misdemeanor or felony — and the defendant’s punishment. Indeed, the introductory phrases in those subsections provide the sentence-enhancement provisions for a conviction for driving under the influence of alcohol or a controlled substance. Ex parte Parker, 740 So.2d 432, 434 (Ala.1999). The Legislature in those introductory phrases did not limit to Alabama convictions the use for enhancement purposes of prior convictions for driving under the influence of alcohol or a controlled substance; neither did it prohibit the use of non-Alabama convictions. Cf. State v. Rea, 865 S.W.2d 923 (Tenn.Crim.App.1992) (holding that the Tennessee DUI statute did not limit the use of prior convictions for enhancement purposes to Tennessee DUI convictions only).
[[Image here]]
“The Legislature, in enacting § 32-5A-191, Ala.Code 1975, intended to prevent individuals from repeatedly driving their vehicles while under the influence of alcohol or a controlled substance. In this case, Bertram was convicted of driving under the influence of alcohol. The category of the offense and the level of punishment was determined by the number of prior convictions she had for driving under the influence of alcohol or a controlled substance. Whether the previous convictions for driving under the influence of alcohol were Alabama convictions or convictions from another state is a distinction without a difference. The language of our statute is broad enough to include the use of out-of-state convictions as sentence enhancements.”
884 So.2d at 894-96 (emphasis added). Nonetheless, because this Court is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and “is without authority to overrule the decisions of [that] court,” Ex parte Jones, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972), we have no choice but to follow the holding of the majority in Ex parte Bertram and to reverse Bertram’s conviction and remand *898 this case to the trial court for further proceedings consistent with that opinion.
COBB, J., concurs.