STUART, Justice
(dissenting).
I respectfully dissent from the majority’s refusal to overrule Ex parte Bertram, 884 So.2d 889 (Ala.2003), and its decision to reverse the judgment of the Court of Criminal Appeals. The majority holds:
“Under this Court’s holding in Ex pai~te Bertram that 32-5A-191(h) should be read as stating ‘ “On a fourth or subsequent conviction [of violating this section], a person convicted of violating this section shall be guilty of a Class C felony and punished by [stating the penalty],” ’ 884 So.2d at 892, we must conclude that, independent of § 32-5A-191(o), a DUI conviction in a municipal court does not count toward the total number of prior convictions necessary to constitute a felony DUI offense as defined in subsection (h) because a municipal DUI conviction is not a conviction for violating § 32-5A-191 but merely a conviction for violating a municipal ordinance.”
4 So.3d at 415.
As I stated in my dissents in Ex parte Bertram and Ex parte Hoover, 928 So.2d 278 (Ala.2005), this Court’s definition of the term “conviction” as used in § 32-5A-191(h) to mean “conviction of violating this section” is too limiting. This narrow definition finds no basis in the statute, as a reading of the entire statute indicates that the legislature, when drafting this statute, considered several types of convictions for driving under the influence of alcohol or a controlled substance, in addition to convictions for violations of “this section.” For example, the legislature in § 32-5A-191(k) provided for fines collected for “violations of this section charged pursuant to a municipal ordinance.” Additionally, the legislature considered “generic” driving-under-the-influence-of-alcohol convictions in § 32-5A-191(p) when it provided that the motor-vehicle registration of a repeat driving-under-the-influence-of-alcohol offender, whose offenses result from various “generic” driving-under-the-influence-of-alcohol convictions, shall be suspended.
Furthermore, I note that when the legislature enacted the Alabama Driver License Compact Act, codified at § 32-6-30 et seq., Ala.Code 1975, it established a definition *417 for “conviction” with regard to driving offenses, stating:
“(c) ‘Conviction’ means a conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law, municipal ordinance or administrative rule or regulation, or a forfeiture of bail, bond or other security deposited to secure appearance by a person charged with having committed any such offense and which conviction or forfeiture is required to be reported to the licensing authority.”
Article II, § 32-6-31, Ala.Code 1975. The legislature further established the effect of a conviction under that Act, stating:
“a) The licensing authority in the home state, for the purpose of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to article III of this compact, as it would if such conduct had occurred in the home state, in the case of conviction for:
[[Image here]]
“(2) Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle.”
Article IV, § 32-6-31, Ala.Code 1975. Thus, the legislature has provided in terms of driving offenses a definition of “conviction” that is much broader than the definition given that term by this Court in Ex parte Bertram. Clearly, the legislature, by the language it used in § 32-5A-191(k), § 32-5A-191(p), and § 32-6-31, Ala.Code 1975, intended that the term “conviction” as used in § 32-5A-191(e)-(h) — the sentence-enhancement statutes addressing repeated convictions for driving under the influence of alcohol or a controlled substance — means a conviction for conduct constituting a violation of § 32-5A-191(a), Ala.Code 1975.
In light of the foregoing, I would overrule Ex parte Bertram, and I would affirm the judgment of the Court of Criminal Appeals, holding that a conviction under a municipal ordinance for conduct constituting a violation of § 32-5A-191(a), Ala.Code 1975, can be counted toward the total convictions necessary to constitute the felony defined by § 32-5A-191(h), Ala.Code 1975. Therefore, I dissent.
SEE and PARKER, JJ., concur.