WELCH, Judge.
Jerry B. Hankins was charged with three counts of unlawful distribution of controlled substances, a violation of § 13A-12-211(a), Ala.Code 1975, and three counts of trafficking in illegal drugs, a violation of § 13A-12-231(3)(d), Ala.Code 1975.[1] Hankins filed a pretrial motion to dismiss these charges on the grounds that he is a licensed medical physician with credentials and proper legal authority to dispense prescriptions for the controlled substances that are the basis of the charges against him. Following presentation of oral arguments at a pretrial hearing and the submission of post-hearing briefs, the trial court granted Hankins’s motion to dismiss. The State appeals.

FACTS

On September 29, 2011, Hankins filed a motion to dismiss the indictments. The State made no written response at that time but presented arguments at the hearing on the motion to dismiss. There is no reporter’s transcript of the hearing on the motion to dismiss. Hankins’s motion to dismiss recites the allegations that led to his arrest. There apparently is no dispute that, at the time Hankins wrote the prescriptions, he was a licensed physician and was legally empowered to write prescriptions. The trial court’s order contains the best rendition of the facts available to this Court, and it states:
“This matter is before the Court on the Motion of the Defendant, Jerry B. Hankins (Dr. Hankins) to dismiss the indictments in each of the above referenced cases. Hankins was indicted by the Shelby County Grand Jury charging him with three counts of unlawful distribution of a controlled substance and three counts of trafficking. There ap *1045 peared to be some confusion regarding the number of charges in that there were three True Bills returned by the Shelby County Grand Jury with two counts contained in each true bill. Each count was set up as a separate case. There are a total of six pending charges against Dr. Hankins.
“The Defense asserts that all of the indictments are due to be dismissed. The Defense argues that Dr. Hankins can not be convicted of the offenses for which he is charged under the present facts as asserted by the State and the law as set out in Ex parte Evers, 43[4] So.2d 813, 816-817 (Ala.1983). It is undisputed that Dr. Hankins is a physician licensed to practice medicine in the State of Alabama and as such has legal authority to possess and dispense by means of a prescription the substances which are the subjects of the above cases. The facts are the same as those in Evers. In the case now before the Court, it is alleged by the State that Dr. Hankins prescribed the various medications which are in fact controlled substances and provided them to another individual whose name appeared on the written prescription prepared by Dr. Hankins or at his direction. It is at this point that the State and Defense are at odds in the present case. The State alleges that Dr. Hankins did not dispense the medication as that term is defined by Ala.Code § 20-2-2 because it was not done by Dr. Hankins for a valid medical treatment but for some purpose for which Dr. Hankins was not legally or lawfully permitted. As noted previously, the issue here would, without question, have been answered by the holding in Evers, except that the legislature amended the definitions of these offenses after Evers, recodifying them in § 13A-11-211 and 13A-11-231 adding the words ‘delivers or distributes.’ No reference was made in the new statute to physicians prescribing medication for an illegitimate purposes such as was noted in Evers or the present case. Neither the State nor the Defense has offered the Court any information which would lead one to perceive that the legislature was attempting to address the holding in Evers by amending the statute. The State makes this assertion in their response to the Motion of the Defense but cites no authority in support of it. Further, to find such would require the Court to extend the application of a criminal statute by construction. This is the very thing the Supreme Court found impermissible in Evers. It is even more applicable in the present case since it is presumed that the legislature knew of the Court’s ruling in Evers at the time the new statutes were adopted and made no effort to address that issue in the language adopted in § 13A-12-211 and 13A-12-231, the State’s argument otherwise not withstanding.”
(R. 121.)
Upon this,- the trial court ordered the indictments against Hankins dismissed. In response, the State timely appealed.

ANALYSIS

In a case such as this, where the facts are undisputed, the only question is a question of law and our review, therefore, is de novo. State v. Jones, 35 So.3d 644, 646 (Ala.Crim.App.2009), citing Ex parte Heard, 999 So.2d 978, 980 (Ala.2003).
The issue is whether §§ 13A-12-211 and 13A-12-231 include language sufficient to sustain a charge against a licensed physician writing a prescription for a controlled substance when there is no legitimate medical purpose. The State first contends that a trial court cannot dismiss an indictment based on the insufficiency of the evidence, citing State v. Robertson, 8 So.3d 356, 357 (Ala.Crim.App. *1046 2008). Robertson is inapposite to this case because the question here is not the sufficiency of the evidence, but the meaning of the statutes under which Hankins was charged. Furthermore, the State did not argue in the trial court that the issue should not be resolved pretrial. Therefore, to the extent the State now argues that a reversal is due because the judgment involved the factual issue whether the prescription was within 'the scope of the physician’s registration, the State invited any error. Ex parte Worley, 102 So.3d 428 (Ala.2010).
The dispositive case in this matter is Ex parte Evers, 434 So.2d 813 (Ala.1983). In Evers, our Supreme Court, construing the former statute, § 20-2-70(a), determined that the language of the statute was not “applicable to a licensed physician writing a prescription which is within the scope of his registration.” Evers, 434 So.2d at 816. Section 20-2-70(a) provided, in pertinent part:
“(a) Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away ... controlled substances ... is guilty of a felony....”
The Supreme Court pointed out that criminal statutes are to be strictly construed in favor of the accused and not extended beyond the normal sense of those words in order to encompass crimes not indicated by their wording. See Evers, 434 So.2d at 816 (citing cases).
“Dr. Evers was convicted of ‘selling, furnishing, or giving away’ amphetamines. We do not think those terms sufficiently describe the action of a physician prescribing a controlled substance within the scope of his registration.” 434 So.2d at 816. “ ‘Further, it is well established that statutes should not be extended by construction.’ Locklear v. State, 50 Ala.App. 679, 282 So.2d 116 (1973).” Id. at 817. See also Rudell v. State, 453 So.2d 1329 (Ala.Crim.App.1984) (relying on Evers and reversing conviction of licensed physician for sale of controlled substance).
Several years after Evers was decided, the Alabama Legislature passed the Drug Crime Amendments Act of 1987, Ala. Code 1975, §§ 13A-12-210 to 13A-12-216; Ala. Acts 1987, No. 87-603, p. 1047, § 12, effective October 21, 1987, which repealed § 20-2-70, and other parts of the Uniform Controlled Substances Act. Hankins was indicted under the successor statutes to § 20-2-70(a), §§ 13A-12-211(a) and 13A-12-231. Section 13A-12-211, in pertinent part, reads as follows:
“(a) A person commits the crime of unlawful distribution of a controlled substance if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers, or distributes a controlled substance enumerated in Schedules I through V.”
(Emphasis added.)
The legislature added the terms “delivers” and “distributes” to the language of the repealed § 20-2-70(a), with knowledge of the ruling in Evers. The State interprets the addition of these two words in § 13A-12-211 to expand the scope of the statute to include illegally prescribing controlled substances. In Evers, the State had argued that “sells, furnishes, gives away” in the former statute were terms broad enough to encompass the charge of prescribing controlled substances for other than a medical purpose. The State makes the same argument again, stating that the addition of “delivers” and “distributes” now casts a net wide enough to make Hankins’s conduct criminal. However, the Evers Court made clear that “sell, furnish,” or “give away” do not have a broad meaning.
“Respondent [the State] contends the words ‘sell’, ‘furnish’, and ‘give away’ were intended by the Legislature to have a broad, general application. Peti *1047 tioner [the defendant] contends that, had the legislature intended that the statute proscribe the writing of a prescription by a physician for other than a legitimate purpose, it would have used a more descriptive word such as ‘dispense’ or ‘prescribe’ to define the prohibited act. We agree.”
Evers, 434 So.2d at 816.
Clearly, adding “delivers” or “distributes” to the new statute makes it no more specific to Hankins’s alleged conduct than was the former statute.
A look at the enactment of § 13A-12-211 is instructive here. It began as House Bill 305. Its purpose was stated as: “[T]o amend Code of Alabama 1975, § 20-2-80 to further define the crime of trafficking in illegal drugs....; to specify the conduct to which this act applies.... ” (Emphasis added.) Journal of Ala. H.R., 1987 p. 97. The Legislature’s intent was to “further define” and “specify” particular acts that would constitute an offense. When House Bill 305 was enacted, the purpose was stated thusly: “To define and set the punishment for the crimes of unlawful distribution of controlled substances ... to provide for the incorporation of the provisions of this act into Title 13A of the Code of Alabama 1975; to repeal Code of Alabama 1975, §§ 20-2-70, 20-2-76, and 20-2-77, and any other laws or parts of laws that conflict with this act_” Ala. Acts 1987, Act No. 87-603, p. 1047 (emphasis added).
In Evers, the Court suggested that if the legislature had intended to proscribe the act of writing prescriptions for other than a legitimate medical purpose, the legislature would have included a term such as “dispense” or “prescribe.” Evers, 434 So.2d at 816. In fact, “dispense,” “deliver,” and “distribute” were defined in the Alabama Uniform Controlled Substances Act, and those provisions were not repealed by the 1987 amendments. See § 20-2-2(6), (7), and (9), Ala.Code 1975.
The terms “sells, furnishes, gives away, delivers, or distributes” do not describe the act of a licensed physician prescribing a controlled substance within or without of the scope of his registration. As we have shown, the legislature had the opportunity and intent to precisely define the crimes and the means of distributing illegal substances. The legislature chose not to make the changes discussed in Evers. Had the legislature intended to criminalize this particular conduct by physicians, it could have done so when it amended the statute in 1987.
“It is not proper for a court to read into the statute something which the legislature did not include although it could have easily done so.” Noonan v. East-West Beltline, Inc., 487 So.2d 237, 239 (Ala.1986).
“ ‘[T]he long-standing maxim of statutory construction that a reviewing court is bound to presume that the legislature, when amending a statute, was aware of the judicial construction placed upon it and that, absent indications of intent to the contrary, the legislature did not see fit to change the judicial construction in the court of the amendment.’ ”
Shiv-Ram v. McCaleb, 892 So.2d 299, 313 (Ala.2003), quoting Wright v. Turner, 351 So.2d 1, 4 (Ala.1977).
The legislature “is presumed to be aware of both the language and the judicial interpretation of pertinent, existing law when it passes legislation.” Sheffield v. State, 708 So.2d 899, 906 (Ala.Crim.App. 1997).
“[I]f we have already provided a definitive interpretation of the language in one statute, and Congress then uses nearly identical language in another statute, we will give the language in the latter statute an identical interpretation unless there is a clear indication in the *1048 text or legislative history that we should not do so.”
Woodford v. Ngo, 548 U.S. 81, 107, 126 S.Ct. 2378, 2395, 165 L.Ed.2d 368 (2006) (emphasis added).
In repealing § 20-20-70(a) and recodify-ing it as § 13A-12-211, the Legislature could have made any particular method of prescribing controlled substances illegal, but it chose not to. “‘It is a familiar principle of statutory interpretation that the Legislature, in enacting new legislation, is presumed to know the existing law. See Ex parte Louisville & N.R.R, 398 So.2d 291, 296 (Ala.1981).’ Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 297 (Ala.1998)." State v. Worley, 102 So.3d 435, 444 (Ala.Crim.App.2011).
“‘This fundamental rule of statutory construction applies to penal statutes. “Absent any indication to the contrary, the words [in a penal statute] must be given their ordinary and normal meaning.” Walker v. State, 428 So.2d 139, 141 (Ala.Crim.App.1982). “ ‘Penal statutes are to reach no further in meaning than their words,’ ” Ex parte Bertram, 884 So.2d 889, 891 (Ala.2003) (quoting Clements v. State, 370 So.2d 723, 725 (Ala.1979), overruled on other grounds by Beck v. State, 896 So.2d 645 (Ala.1980)), and “it is well established that criminal statutes should not be ‘extended by construction,’ ” Ex parte Evers, 434 So.2d 813, 817 (Ala.1983) (quoting Locklear v. State, 50 Ala.App. 679, 282 So.2d 116 (1973)).’”
Id. at 443, quoting State v. Adams, 91 So.3d 724, 736 (Ala.Crim.App.2010).
If a physician cannot be charged with unlawful distribution of a controlled substance under § 13A-12-211(a), then neither can he be charged with trafficking in a controlled substance under § 13A-12-231(3)(d). The trafficking statute addresses a person who “sells, manufactures, delivers, or brings into this state” certain controlled substances, and those terms are nearly identical to the range of conduct described in § 13A-12-211(a). We have determined that the terms in § 13A-12-211 — “sells, furnishes, gives away, delivers or distributes” — are not applicable to a licensed physician writing a prescription, and we likewise hold that the terms in § 13A-12-231 — “sells, manufactures, delivers, or brings into this state” — are not applicable to a licensed physician writing a prescription.
The trial court was correct as a matter of law to dismiss the indictments against Hankins. Based on the foregoing, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
WINDOM, P.J., and KELLUM and BURKE, JJ., concur.
JOINER, J., recuses himself.

. The charges were brought in three indictments, each charging two counts. The circuit court assigned each of the six counts a separate circuit court case number.