Rel: June 27, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

————————————————

### CR-2024-0313

————————————————

## Thomas Edison Douglas, Jr.

## v.

## State of Alabama

## Appeal from Jefferson District Court
## (DC-20-9635, DC-20-10149, and DC-20-10150)

COLE, Judge.

Thomas Edison Douglas, Jr., appeals the revocation of his probation by the Jefferson District Court. Douglas was originally convicted of certain persons forbidden to possess a firearm, a violation of § 13A-11-72, Ala. Code 1975, trafficking in heroin, a violation of § 13A-12-231, Ala.

Code 1975, and first-degree receiving stolen property, a violation of §

13A-8-17, Ala. Code 1975. He was sentenced, as a habitual felony

offender, to 20 years' imprisonment, which sentences were split for

Douglas to serve 3 years' imprisonment followed by 5 years' supervised

probation for each conviction; the sentences were ordered to run

concurrently. On April 9, 2024, the district court revoked Douglas's

probation and reinstated Douglas's original 20-year sentences for each

conviction but then, under § 15-18-8.2, Ala. Code 1975, resplit those

sentences for Douglas to serve 8 years' imprisonment followed by 2 years'

supervised probation; those sentences were ordered to run concurrently.

Facts and Procedural History

On March 12, 2024, Douglas's probation officer filed a delinquency

report alleging that Douglas had violated the terms and conditions of his

probation by committing new criminal offenses. Specifically, Douglas's

probation officer alleged that Douglas had been arrested for first-degree

receiving stolen property, a violation of § 13A-8-17, Ala. Code 1975;

trafficking in morphine, a violation of § 13A-12-231, Ala. Code 1975;

unlawful possession with intent to distribute a controlled substance

(methamphetamine), a violation of § 13A-12-211, Ala. Code 1975; first-

2

degree unlawful possession of marijuana, a violation of § 13A-12-213, Ala. Code 1975; and unlawful possession of drug paraphernalia, a violation of § 13A-12-260, Ala. Code 1975.

On April 9, 2024, the district court held a probation-revocation hearing. At the hearing, Douglas, represented by counsel, admitted that he violated the terms of his probation and waived his right to a formal hearing. The district court then found itself reasonably satisfied that Douglas had violated the terms of his probation, revoked Douglas's probation, and resplit Douglas's concurrent sentences of 20 years' imprisonment for Douglas to serve 8 years' imprisonment followed by 2 years' supervised probation for each conviction. On April 10, 2024, the district court issued its written order revoking Douglas's probation and resplitting his sentences as ordered in open court. (C. 55-56, 134-35, 212-13.) This appeal follows.

## Discussion

The sole issue Douglas raises on appeal is whether the district court's resplitting of his sentences comports with Alabama law.[1] Both

---

[1]Although no objection was raised in the district court to Douglas's resplit sentences, "[i]t is well settled that '[m]atters concerning unauthorized sentences are jurisdictional.' Hunt v. State, 659 So. 2d 998,

3

the State and Douglas agree that the sentences were not resplit in accordance with Alabama law. However, the State and Douglas dispute how to interpret § 15-18-8.2, Ala. Code 1975.

Section 15-18-8.2 provides:

> "(a) Notwithstanding any other law to the contrary, if a defendant's probation is revoked, and the defendant was sentenced pursuant to Section 15-18-8, [Ala. Code 1975,] the sentencing judge may determine the length of revocation sentence, including the ability to resplit the sentence within the remainder of the sentence pursuant to Section 15-18-8. If the revocation sentence imposed is less than the length of time remaining on the original sentence, the remainder of the sentence shall be suspended and the defendant may be placed on probation for a period and upon terms as the court deems best.

> "(b) This section shall apply to any defendant who is subject to probation without regard to when he or she was sentenced for or committed the crime."

Douglas contends that the phrase in § 15-18-8.2, allowing the district court "to resplit the sentence within the remainder of the sentence pursuant to Section 15-18-8," Ala. Code 1975, should mean that, having already served three years of the maximum five-year imprisonment split

---

999 (Ala. Crim. App. 1994). Therefore, this Court may take notice of an alleged illegal sentence 'at any time and may do so even ex mero motu.' Moore v. State, 40 So. 3d 750, 753 (Ala. Crim. App. 2009)." Towns v. State, 293 So. 3d 975, 985 (Ala. Crim. App. 2019).

4

originally imposed for his convictions, "the revocation sentence should be limited to the [two] years remaining split time under the split range provided for in § 15-18-8." (Douglas's brief, p. 4.) Douglas acknowledges that, under his interpretation, once the maximum imprisonment portion of a split sentence is served, the sentence could no longer be resplit. On the other hand, "[t]he State contends that when probation is revoked for a defendant originally sentenced pursuant to the Split Sentence Act, Section 15-18-8.2 reauthorizes the revoking court to split the sentence in accordance with Section 15-18-8 … based on the defendant's <u>base sentence</u>." (State's brief, p. 13 (emphasis added).) In support of its argument, the State notes that § 15-18-8.2 also authorizes a revoking court to resplit a sentence "for any subsequent probation revocations up to and until the defendant has served the full term of his original <u>base sentence</u>." (State's brief, p. 13 (emphasis added).) We agree with the State's interpretation of § 15-18-18.2.

This Court applies a de novo standard of review to claims that concern only questions of law or the interpretation of a statute. <u>Simons v. State</u>, 217 So. 3d 16, 22 (Ala. Crim. App. 2016).

> "'It is well settled that "[w]ords used in the statute must be given their natural, plain,

5

ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says." Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So. 2d 687, 689 (Ala. 1991). "[T]he first rule of statutory construction [is] that where the meaning of the plain language of the statute is clear, it must be construed according to its plain language." Ex parte United Serv. Stations, Inc., 628 So. 2d 501, 504 (Ala. 1993). "Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous." Ex parte Pratt, 815 So. 2d 532, 535 (Ala. 2001).

"'"The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute." Ex parte State Dep't of Revenue, 683 So. 2d 980, 983 (Ala. 1996) (emphasis added). Although legislative intent "may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained," Ex parte Holladay, 466 So. 2d 956, 960 (Ala. 1985), "[i]n construing [a] statute, this Court should gather the intent of the legislature from the language of the statute itself, if possible." Pace v. Armstrong World Indus., Inc., 578 So. 2d 281, 283 (Ala. 1991). "Absent a clearly expressed legislative intent to the contrary, the language of the statute is conclusive," id., and "the court must give effect to the clear meaning of that language." Beavers v. County of Walker, 645 So. 2d 1365, 1376-77 (Ala. 1994).

6

"'This fundamental rule of statutory construction applies to penal statutes. "Absent any indication to the contrary, the words [in a penal statute] must be given their ordinary and normal meaning." Walker v. State, 428 So. 2d 139, 141 (Ala. Crim. App. 1982). "'Penal statutes are to reach no further in meaning than their words,'" Ex parte Bertram, 884 So. 2d 889, 891 (Ala. 2003) (quoting Clements v. State, 370 So. 2d 723, 725 (Ala. 1979), overruled on other grounds by Beck v. State, 396 So. 2d 645 (Ala. 1980)), and "it is well established that criminal statutes should not be 'extended by construction,'" Ex parte Evers, 434 So. 2d 813, 817 (Ala. 1983) (quoting Locklear v. State, 50 Ala. App. 679, 282 So. 2d 116 (1973)).

"'In sum, "[i]f the language of [a] statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature [in the plain language of the statute] must be given effect." Blue Cross & Blue Shield of Alabama, Inc. v. Nielson, 714 So. 2d 293, 296 (Ala. 1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So. 2d 344, 346 (Ala. 1992)). "[O]nly if there is no rational way to interpret the words stated will we look beyond those words to determine legislative intent." DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So. 2d 270, 276 (Ala. 1998). "We should turn to extrinsic aids to determine the meaning of a piece of legislation only if we can draw no rational conclusion from a straightforward application of the terms of the statute." 729 So. 2d at 277.

"'In determining whether judicial construction is required, "[t]he language of the entire statute under review must be read together and the determination of any ambiguity must be

7

> made on the basis of the entire statute." <u>Sheffield v. State</u>, 708 So. 2d 899, 907 (Ala. Crim. App. 1997). "Because the meaning of statutory language depends on context, a statute is to be read as a whole." <u>Ex parte Jackson</u>, 614 So. 2d 405, 406 (Ala. 1993). We must also bear in mind that "'[t]here is a presumption that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used.'" <u>Sheffield v. State</u>, 708 So. 2d 899, 909 (Ala. Crim. App. 1997) (quoting 82 C.J.S. <u>Statutes</u> § 316 at pp. 551-52 (1953)).'
>
> "<u>State v. Adams</u>, 91 So. 3d 724, 735-736 (Ala. Crim. App. 2010)."

<u>Simons</u>, 217 So. 3d at 24-25.

Here, there is no dispute that the district court had the authority to resplit Douglas's sentences after revoking Douglas's probation. <u>See</u> § 15-18-8.2(a) (allowing a court to resplit a sentence provided the "defendant's probation is revoked, and the defendant was sentenced pursuant to Section 15-18-8"). The dispute concerns how to interpret "the sentence" in the following provision: "the sentencing judge may determine the length of revocation sentence, including the ability to resplit <u>the sentence</u> within the remainder of <u>the sentence</u> pursuant to Section 15-18-8." § 15-18-8.2(a) (emphasis added).

8

Douglas's interpretation of § 15-18-8.2 attempts to obfuscate the plain language of the statute. Specifically, Douglas asks this Court to read "the remainder of the sentence" to apply only to any remaining imprisonment time available under his original <u>split sentence</u>. However, the language of the statute does not limit "the remainder" to any remaining <u>imprisonment</u> time available under the original split sentence; rather, it limits "the remainder" to "the sentence." § 15-18-8.2(a), Ala. Code 1975. In addition, any split sentence is a split on a <u>base</u> sentence. Thus, a resplit of the sentence must also necessarily mean another split of the <u>base</u> sentence. Moreover, the next sentence of the statute further emphasizes that the sentence being split or resplit is the original or base sentence, not the split sentence: "If the revocation sentence imposed is <u>less than the length of time remaining on the original sentence</u>, the remainder of the sentence shall be suspended and the defendant may be placed on probation for a period and upon terms as the court deems best." Thus, Douglas's interpretation goes against the plain language of § 15-18-8.2(a).

The plain language of § 15-18-8.2(a) also makes it clear that a court revoking probation may order a sentence to be resplit after revoking a

9

defendant's probation, but that any resplitting of the sentence must comply with § 15-18-8 and that "the defendant may be placed on probation for a period and upon terms as the court deems best." § 15-18-8.2(a).

The district court revoked Douglas's probation and ordered Douglas's 20-year sentences to be resplit for Douglas to serve 8 years' imprisonment followed by 2 years' supervised probation. However, at the time of Douglas's offenses, § 15-18-8(a)(2), authorized a sentencing court to split a "sentence of greater than 15 years but not more than 20 years … for a period of three to five years for Class A or Class B felony convictions and for a period of three years for Class C felony convictions …." Thus, Douglas's sentences for his convictions for trafficking in heroin, a Class A felony, and first-degree receiving stolen property, a Class B felony, could be resplit only to imprisonment terms "of three to five years." Likewise, Douglas's sentence for his conviction for certain persons forbidden to possess a firearm, a Class C felony, could be resplit only for a term of imprisonment "of three years." Id. See, e.g., Smith v. State, 334 So. 3d 250, 257 (Ala. Crim. App. 2020) (holding that, although the Habitual Felony Offender Act determines the length of the base

sentence, the initial classification of the offense applies for purposes of the Split Sentence Act).

By resplitting Douglas's sentences for him to serve eight years' imprisonment, the district court ordered sentences that exceeded the maximum authorized sentences under Alabama law.[2] Because the district court's order revoking Douglas's probation for violating the terms of his probation by committing new offenses was legal, we affirm the district court's revocation of Douglas's probation. However, because the district court imposed an illegal resplit of each of Douglas's sentences, we remand this cause to the district court with instructions for it to vacate its resplit sentences for each of Douglas's convictions and to hold a hearing in open court, at which Douglas shall be represented by counsel, and impose a proper sanction for the revocation of Douglas's probation

---

[2]We note that, after sentencing Douglas, the district court stated in open court: "I'll give him credit for any time served, and I'll run his cases concurrent." (C. 156.) The district court also entered a written order stating: "Defendant shall receive credit for any and all time served and cases shall run concurrent." (C. 135.) The district court did not, however, specify whether the time served was to apply to Douglas's 20-year base sentences, to his 8-year imprisonment term under the resplit sentences, or to both. Thus, we need not determine whether his "credit" was ordered to be applied to the split term and, further, if subtracting the credit would cause the eight-year split imposed, at least in practicality, to comply with the applicable version of § 15-18-8.

11

under § 15-22-54, Ala. Code 1975. Should the district court again choose to resplit the remainder of Douglas's base sentences, the resplitting of those sentences must comply with the version of § 15-18-8 that applied at the time of Douglas's offenses.

## Conclusion

For these reasons, the district court's order revoking Douglas's probation is affirmed, but this cause is remanded with instructions for the district court to vacate the resplit sentences it imposed and to hold a hearing in open court, at which Douglas is represented by counsel, and impose a legal sanction for the revocation of Douglas's probation in accordance with this opinion. The corrected record should be certified and transmitted to this Court at the earliest possible date and by no later than 42 days after the date of this opinion.

AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.

Windom, P.J., and Minor and Anderson, JJ., concur. Kellum, J., concurs in the result.